## LOVING *v.* EDES.

A party who is the legal owner of real estate, attached as the property of another person, who is a non-resident, has no right to be made a party defendant to the suit, on his own motion; nor is he a proper party, in order to oust the court of jurisdiction as to the other defendant.

*Appeal from the Muscatine District Court.*

WEDNESDAY JUNE 8.

THE plaintiffs commenced an action against Pa'ro & Nourse, and caused certain lands to be attached. Edes appeared, alleged that he was the owner of said real estate, and asked to be made a party defendant, so far as to protect his interest in said property. This motion, against plaintiff's objection, was sustained, and the said Edes made a party defendant. Judgment was rendered in favor of plaintiff for the amount claimed. It was also found that the legal title to the land attached was in Edes. From the order sustaining the motion of Edes, plaintiff appeals.

*Gurley & Rogers,* for the appellant.

*Richman & Bro.,* for the appellee.

WRIGHT, C. J.—The order making Edes a party was clearly irregular. *Whipple* v. *Cass, ante* 126; *Philips* v. *Shelton,* 6 Iowa, 545. The cause of action was against Pairo & Nourse, and Edes had no legal interest in that, nor any right to contest the plaintiff's suit. Indeed, it seems that he made no defense to the action, and no question was made as to the liability of the parties sued, in manner and form, as charged in the petition. The position of Edes is, that Pairo & Nourse were non-residents, and that if they did not own the land attached, the court had no jurisdiction, and hence no power to render judgment. Granting the premises, it is difficult to perceive the correctness of the conclusion attempted to be drawn therefrom, that Edes, (claiming

to own the land), was a proper party in order to oust the jurisdiction. It could make no kind of difference to him, as the owner of the land, whether it was or was not attached—whether plaintiffs did or did not recover, at least so far as his rights could be affected in the present action. Though the plaintiffs might recover ten times over, his title would remain the same. If he claimed that by these proceedings, and it should appear, that thereby a cloud was cast upon his title, his remedy is well defined and understood. But we know of no precedent for quieting or determining the title to real estate, in the manner attempted in this instance.

The order making Edes a party, and all subsequent proceedings founded thereon, will be set aside.