HANNAH E. ANTHONY v. ADOLPH KREY ET AL.

*Liquor traffic—Civil damage law—Pleading—Liability of sureties— Statute of 1887—Rights of action theretofore accruing.*

1. A declaration averring that a liquor-dealer's bond was duly delivered to the county treasurer of the proper county, and had thereon indorsed, at the time of such delivery, the approval of the proper village board, and was by the treasurer duly filed in his office, sufficiently alleges the approval and filing of the bond by the proper authorities.

2. A right of action at once accrues to a wife who is damaged or injured in person or property or means of support by the violation of the covenants of a liquor-dealer's bond, under Act No. 191, Laws of 1883, and she can sue the principal and sureties jointly, the recovery of a judgment against the principal not being a condition precedent to such suit.

3. A right of action upon a liquor-dealer's bond for the year 1886 is saved by the last section of Act No. 313, Laws of 1887, and a like action upon a bond for 1887 remains, at least for sales made prior to the 1887 act taking effect.

Error to Kent. (Montgomery, J.) Argued May 18, 1888. Decided June 15, 1888.

Debt on liquor-dealer's bond. Plaintiff brings error. Reversed, and demurrer overruled, and record remanded. The facts are stated in the opinion.

*Eggleston & McBride,* for appellant, contended for the rule laid down in the opinion.

*J. A. Fairfield* (*Birney Hoyt,* of counsel), for defendants, contended:

1. The condition in the bonds should be strictly construed in favor of the sureties; citing *Paw Paw v. Eggleston,* 25 Mich. 40; *Bullock v. Taylor,* 39 Id. 137; *Bank v. Ziegler,* 49 Id. 157; *U. S. v. Boyd,* 15 Pet. 187, 200.

2. The remaining points are stated in the opinion.

MORSE, J.   The plaintiff brought suit, under the statutes of this State, against Adolph Krey as principal, and the other two defendants as sureties, upon liquor bonds for the years 1886 and 1887.   Krey was a saloon keeper, in the village of Lisbon, Kent county, for these years, and Hubert and Goetz were his sureties upon both bonds.   The declaration was in two counts, one for each year, and claimed damages for the sale of liquors in 1886 and 1887 to plaintiff's husband, Lewis E. Anthony, who was alleged to have been in those years a person in the habit of being intoxicated. It was also averred that liquor was sold to him while he was intoxicated, and against the positive orders of his wife.

The declaration was demurred to on the ground that the sureties were only liable upon the bonds in case the said Krey should not pay any judgment for actual or exemplary damages recovered against him in a court of competent jurisdiction for not keeping and performing the covenants of his bond, and therefore were not liable on said bond until such judgment was recovered against Krey, and he failed to pay it, and that it was nowhere alleged in said declaration that any such judgment had been recovered; and also that the declaration did not allege that the said bond had been filed or approved by the proper authorities.

The demurrer was sustained in the circuit court for Kent county, and judgment entered for the defendants.   Plaintiff brings error.

The bonds given and sued upon followed the form prescribed by the statute (see How. Stat. § 2278), and were each in the penalty of $3,000.   In said bond the principal covenanted and agreed as follows:

"That he will not directly or indirectly, by himself, his clerk, agent, or servant, at any time, sell, furnish, give, or deliver any spirituous, malt, brewed, fermented, or vinous liquor, or any mixed liquor a part of which is spirituous,

malt, brewed, fermented, or vinous, * * * to any adult person whatever who is at the time intoxicated, nor to any person in the habit of getting intoxicated, * * * nor to any person whose * * * wife * * * shall forbid the same; and that he will pay all damages, actual and exemplary, that may be adjudged to any person for injuries inflicted upon them, either in person or property or means of support, by reason of his selling, furnishing, giving, or delivering any such liquors."

The condition of the bond reads as follows:

"Now, the condition of this obligation is such that if said principal shall well and truly keep and perform all and singular the foregoing covenants and agreements, and shall pay any judgment for actual or exemplary damages which may be recovered against him in any court of competent jurisdiction, then this obligation shall be void and of no effect; otherwise the same shall be in full force and effect." How. Stat. § 2278; Laws of 1881, Act No. 259.

This bond runs to the people of the State of Michigan; but it is claimed by the plaintiff that a right of action upon it is given to the plaintiff, as wife, under Act No. 191, Laws of 1883, against the principal and sureties jointly in her own name.

"Every wife, child, parent, guardian, husband, or other person who shall be injured, in person or property or means of support, by any intoxicated person, or by reason of the intoxication of any person, or by reason of the selling, giving, or furnishing any spirituous, intoxicating, fermented, or malt liquors to any person, shall have a right of action in his or her own name against any person or persons who shall, by selling or giving any intoxicating or malt liquor, have caused or contributed to the intoxication of such person or persons, or who have caused or contributed to such injury; and the principal and sureties to the bond hereinbefore mentioned shall be liable, severally and jointly, with the person or persons so selling, giving, or furnishing any spirituous, intoxicating, or malt liquors aforesaid; and in any action provided for in this section the plaintiff shall have a right to recover actual and exemplary damages."

The Legislature evidently intended that the action might

be brought by the wife, as in the present case, against the principal and sureties jointly in one suit; and it is not necessary that judgment should first be obtained against the principal before the sureties are liable. The condition of the bond is not only that they "shall pay any judgment," etc., but that the principal shall also—

"Well and truly keep and perform all and singular the foregoing covenants and agreements."

If any of such covenants or agreements are broken, the bond is in full force and effect; and if the wife is damaged or injured, in person or property or means of support, by such broken covenants, or any of them, the right of action at once accrues, and can be maintained against principal and sureties jointly. The sureties cannot well complain of this. It gives them opportunity to contest their liability from the beginning, instead of defending their liability upon a judgment against their principal, which may be taken without notice to them.

The declaration sufficiently alleges the approval and filing of the bonds by the proper authorities.

It is also argued in this Court that Act No. 313, Laws of 1887, has repealed the former laws; and as by that act it is expressly provided that all damages arising under the act shall be recovered in an action for trespass on the case (Id. § 21, p. 457), therefore it is urged that judgment must first be obtained against the principal in an action on the case before the sureties upon the bond can be made to respond in damages. And it is also contended that this act of 1887 does not provide for damages arising from the sale of *mixed* liquors, and that both counts of the declaration are so drafted that no liability is claimed therein except for the sale of mixed liquors. See Id. § 20, p. 457.

But we do not consider it necessary to determine whether or not this action would lie as brought under the act of 1887. By the last section of said act,—

"All rights of action accrued to said people or any person or persons under any existing law are hereby preserved, * * * and the same may be prosecuted, sued for, and recovered in like manner and to the same extent as might be done if this act were not passed." Id. § 34, p. 460.

The right of action under the bond for the year 1886 is therefore saved, and not affected by the new statute; and the like action remains upon the bond of 1887, at least for sales up to the time that the new law took effect.

The demurrer must be overruled. The judgment of the court below will be reversed, with costs. The record will be remanded, and the usual time to plead be granted in the court below.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred.