### WEATHERBY v. KENT CIRCUIT JUDGE.

1. INTOXICATING LIQUORS — PARTIES — PRINCIPAL AND SURETY — RIGHT OF PRINCIPAL TO INTERVENE—STATUTES.

In a civil-damage action against a surety company on the bond of a saloon keeper for unlawful sales of liquor to plaintiff's husband, under 2 Comp. Laws 1915, § 7050, the saloon keeper, who had agreed to indemnify the surety against loss, was properly allowed to intervene, as under the provisions of the judicature act (Act No. 314, Pub. Acts 1915, chap. 12, § 11) he had an "interest" in the litigation.

2. PARTIES—INTERVENERS—DEFENSES.

While, under the statute, the intervener must recognize the propriety of the main proceeding by accepting the record as he finds it, without questioning the regularity of the proceedings, he is not precluded from attempting to defeat plaintiff's recovery.

3. MANDAMUS—APPEAL AND ERROR.

   An order allowing intervention, being part of the record and subject to review by writ of error, mandamus is not the proper remedy.

Mandamus by Nellie Weatherby against Willis B. Perkins, circuit judge of Kent county, to require respondent to vacate an order allowing an intervention in an action under the civil-damage act. Submitted September 19, 1916. (Calendar No. 27,326.) Writ denied December 21, 1916.

*Rodgers & Rodgers*, for relator.

*McKenna, Herman & Smolenski*, for respondent.

The relator commenced her suit by declaration against the Michigan Bonding & Surety Company, alleging that said company was surety on the saloon bond of one Pawloski during the year 1915, and also on the saloon bond of one Breuer during the same period; further, that her husband was illegally furnished with liquor in the saloons owned by Pawloski and Breuer from September 15 to December 15, 1915. The surety company filed a plea of the general issue, and Breuer filed a petition, alleging that he had agreed to indemnify the said company against loss by reason of its becoming surety on his saloon bond, and that because of said agreement he would be compelled to pay it any money that it might be compelled to pay because of said suit; that he is the principal in said bond, and that the declaration alleges that he sold liquor illegally to the husband of said complainant, and that therefore he is interested in said litigation and is a proper party thereto. This petition came on to be heard before the Hon. Willis B. Perkins, circuit judge, who made an order that said Breuer be allowed to intervene, and made him a joint defendant in said cause and fixed the time in which the pleadings should

be served upon the attorneys for said Breuer and also the time in which he should plead to the declaration. A motion was thereupon made by counsel for the plaintiff, asking the court to set aside the said order permitting the intervention of Breuer, which was denied. Mandamus is now sought to require the trial judge to vacate and set aside the order allowing intervention.

KUHN, J. (*after stating the facts*). Section 11, chap. 12, of Act No. 314 of the Public Acts of 1915, known as the judicature act (3 Comp. Laws 1915, § 12362), provides as follows:

"In an action either at law, or in equity, any one claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

Section 13 (§ 12364) provides:

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require."

It is contended that these provisions of this act fully justify the act of the trial judge in permitting intervention. A study of the history of section 11 discloses that it was apparently taken from the Federal equity rule No. 37 (198 Fed. xxviii, 115 C. C. A. xxviii), which reads:

"* * * Any one claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

Our statute applies this Federal equity rule to cases in law as well as to cases in equity, but in all other respects they are identical. The principle of inter-

vention was well established by the Federal equity practice (*Lombard Investment Co.* v. *Manufacturing Co.*, 74 Fed. 325, 327; *Forbes* v. *Railroad Co.*, 2 Woods, 334 [Fed. Cas. No. 4,926]), but was incorporated in the rules as a specific warning that one cannot, by intervening, ask affirmative relief and in the same breath attempt to repudiate the power of the court to proceed with the cause upon which the intervention rests. 47 Am. Law Rev. p. 246. See, also, note in 29 Am. & Eng. Ann. Cas. p. 1031.

In construing the rule and referring to the word "interest" therein used, the court, in *Tully* v. *Triangle Film Corporation,* 229 Fed. 297, said:

"Of course, the interest referred to in the rule means an interest in law. It cannot mean anything else, and certainly cannot mean a possible injury for which a person has not retained for himself any right or redress."

It is the contention of the relator that the intervention of Breuer as a joint defendant in the cause is without authority or precedent, and the following provision in our statute, being a part of section 5074, 2 How. Stat. (2d Ed.), 2 Comp. Laws 1915, § 7050, is relied upon:

"And the principal and sureties to the bond hereinbefore mentioned, shall be liable severally and jointly with the person or persons so selling, giving, or furnishing any spirituous, intoxicating, or malt liquors, as aforesaid, and in an action provided for in this section, the plaintiff shall have a right to recover actual and exemplary damages."

The case of *Scahill* v. *Indemnity Co.*, 157 Mich. 310 (122 N. W. 78), is also cited. In this case this court, in construing the statute, upheld the right of the plaintiff to bring suit against the surety alone. No criticism is made of this decision by counsel for respond-

ent, but it is urged that the same question is not involved in that case as is now before us. The parties who sold the liquor did not ask to be joined as defendants, and did not defend. The question that was raised by the defendant surety company was that the case could not be maintained against it alone, and the court in passing upon this question simply decided that the plaintiff had a right to commence the suit in the way she did because the language in the statute clearly gave her that right. Counsel say that in this case, the plaintiff having elected to commence suit against the surety alone, the principal in the bond, who is and ought to be the actual defendant, comes in and petitions the court to be granted his rights; that is, the right to be made a defendant. The question is, Should he be given the opportunity to defend an action in which he has a clear legal interest, having obligated himself to pay whatever judgment is rendered against him to the defendant, the Michigan Bonding & Surety Company?

The claim is also urged that the intervention of Mr. Breuer was not in recognition of the propriety of the main proceeding because he is seeking to defeat plaintiff's recovery. This cannot be the meaning that the legislature placed upon this language, for, as counsel for respondent say in their brief,

"This construction would, in effect, say to a proposed defendant, you may be joined as a defendant if you will come in and plead guilty, if you have no defense, or if you have a defense, if you will agree not to assert it, we will join you, but, on the other hand, if you are coming in here in good faith, if you have a good defense and intend to use it, you cannot be joined as a defendant because that would not be in recognition of the propriety of the main proceeding. * * *"

We are of the opinion that the same construction should be given to this language that was given to the

Federal equity rule above referred to. In 11 Encyclopedia of Pleading & Practice, pages 509, 510, it is said:

"An intervener in a suit between other parties must accept such suit as he finds it, and is bound by the record of the case at the time of his intervention. He cannot raise an issue as to whether the proceedings are regular, nor can he plead exceptions having for their object the dismissal of the action. He cannot raise new issues in the suit, nor insist upon a change in the form of the proceedings. An intervener cannot exercise any rights which are limited to the parties to the action."

An interesting article on intervention under the new judicature act of this State will be found in 14 Michigan Law Review, p. 451.

Being of the opinion that Mr. Breuer, the proposed intervener, has a direct interest in the subject involved in this suit and in any judgment that may be rendered, and being further satisfied that it is the design of the provision of the judicature act under discussion to prevent a multiplicity of suits, we are of the opinion that the trial judge acted properly in granting the prayer of the petition and in permitting intervention.

We are also of the opinion that the order, allowing an amendment so as to join Mr. Breuer as a party defendant, being a part of the record, is subject to review by writ of error, and that therefore mandamus is not the proper remedy. The intervention of this new defendant, if erroneously allowed, would not, in our opinion, produce such an immediate injury or mischief as to warrant issuing this discretionary writ. See *Cattermole* v. *Ionia Circuit Judge,* 136 Mich. 274 (99 N. W. 1), in which case the decisions on this point are reviewed.

The writ is denied, with costs to the respondent.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.