McMILLAN v. SCHOOL DISTRICT NO. 2, PORTSMOUTH
TOWNSHIP.

1. PARTIES—INTERVENERS—PRINCIPAL AND SURETY.

In an action by the trustee in bankruptcy of the contractor
against a school district for a balance claimed to be due
the contractor for the erection of a school house, the bonds-
men of the contractor had such direct financial interest in
the outcome of the litigation as to entitle them to intervene
under the provisions of section 12362, 3 Comp. Laws 1915.

2. SCHOOLS AND SCHOOL DISTRICTS — EVIDENCE — CERTIFICATE OF
ARCHITECT.

In an action against a school district for a balance claimed
to be due for the erection of a school house, certificates
made by the architect and the building committee of the
school district were properly admitted in evidence; their
value being for the jury, under proper instructions.

3. SAME—REBUTTAL—STRIKING TESTIMONY—TRIAL.

It was not reversible error to strike out the testimony of
a witness for defendant, offered after both parties had
rested, as to the cost of remedying alleged defects, testi-
fied to in their main case, in response to testimony for
plaintiff that the structure was completed in accordance
with the plans and specifications, although such testi-
mony might well have been received, in the discretion of
the trial judge.

4. TRIAL—INSTRUCTIONS.

There was no error in the charge of the court, of which
defendant could complain, where all of its requests were
given to the jury, and the charge presented the claims
of the contending parties fairly, and, as a whole, pre-
served the rights of defendant.

5. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

A motion for a new trial, on the ground of newly-discov-
ered evidence, supported by affidavits of the members of
defendant's building committee that they had made a
further examination of the building and had become con-
vinced that their testimony given upon the trial was
wrong, and that they had been deceived by the contractor
and architect, was properly denied.

6. SAME—WEIGHT OF EVIDENCE.

> The court also properly denied a motion for a new trial on
> the ground that the verdict was against the weight of
> the evidence.

Error to Bay; Coumans, J.    Submitted January 31,
1918.    (Docket No. 45.)    Decided March 27, 1918.

Assumpsit by Archibald H. McMillan, trustee in
bankruptcy of the Valley Mantel & Tile Company,
against School District No. 2 of the township of Ports-
mouth for a balance due on a building contract.    Judg-
ment for plaintiff, defendant brings error.    Affirmed.

*Kinnane & Black,* for appellant.

*Stoddard & McMillan* and *O. W. Baker,* for appellee.

Plaintiff is trustee in bankruptcy for the Valley
Mantel & Tile Co., which company, on July 13, 1915,
entered into a contract with the defendant for the
erection of a school house according to certain plans
and specifications agreed upon between the parties.
The contract provides that the work shall be done
"to the satisfaction of and under the direction of the
architect aforesaid"; that payments shall be made
from time to time as the work progresses and that:

"Ten per cent. of all estimates to be retained until
the final completion, balance is to be paid upon the
completion and acceptance by said architect and su-
perintendent, of the entire work."

A building committee had been appointed by said
defendant school district and a contract had been en-
tered into by said building committee with the con-
tractor a few days prior to the date of the final contract
which was executed by the school board and work had
already commenced when the contract was executed on
July 13, 1915.    The work progressed under the super-
vision of the architect and the three members of the

building committee who by agreement among themselves spent two days each of each week in supervising and inspecting the work. The work was to be completed on or before the 15th day of September, 1915, and a penalty of $5 per day was provided for each day thereafter during which the building remained uncompleted, but

"Fire, inclement weather, strikes, accidents or other causes beyond the control of the contractor, will, in the judgment of the architect, be valid cause for the extension of time on this contract."

The building was completed in December and on the 10th of December, 1915, the architect issued his final certificate by the terms of which there appeared to be due to the contractor $535.78 under the contract and $81.88 for extras. The district board of the defendant school district called a special meeting of the legal voters of the district on January 15, 1916,

"To determine what action the district desires the board to take in regard to settling with the contractor or leaving it all with the board to make settlement with the contractor if they can."

At that meeting the electors of the district took a recess for the purpose of examining the completed work and after such examination passed the following resolution:

"Motion made and supported that the board settle with the contractor for $300 if possible. Carried."

At a meeting between the parties and their respective attorneys shortly thereafter the compromise offer of $300 was rejected by the contractor. This offer was never withdrawn and at the time of trial, one of the trustees testified that it was a standing offer. The contractor having become bankrupt and no settlement of the balance alleged to have become due having been made by the defendant school district, this suit was brought by the trustee for the bankrupt. Defendant

filed a plea of the general issue and gave notice thereunder that it would show that the building had never been completed in accordance with the contract. This notice sets out with great particularity the alleged defects in the building and demands that the several sums, alleged to be necessary to complete the building in accordance with the terms of the contract be allowed to defendant by way of set-off and recoupment.

The trial in the circuit court commenced on the 6th day of June, 1916. On the 2nd day of June an intervener was filed in said cause by Jesse Marande, Richard Hayward and Alfred L. De Waele. These gentlemen by separate counsel set up the fact that they had executed the bond of the contractor, the Valley Mantel & Tile Co., and that a suit upon said bond was then pending against them for labor and materials furnished to said contractor. They alleged that they were interested in the matters and things involved in the litigation and that any sum recovered by the plaintiff in said suit would by right of subrogation come to them and *pro tanto* reduce their liability under the bond. An order permitting the intervention was made by the court and the trial proceeded. A great mass of testimony was introduced upon the question whether the building was completed in accordance with the plans and specifications. At the time of the trial the amount due under the contract and for extras amounted to $681.36. The jury rendered a verdict in favor of the plaintiff for $385.76.

BROOKE, J. (*after stating the facts*). In this court the defendant reviews said judgment under 35 assignments of error which in our opinion do not require individual discussion.

The first 8, the 12th and 13th assignments refer to the action of the court in permitting the bondsmen of the contractor to intervene and to the proceedings in court following said intervention. Section 11, chap.

12 of the judicature act (Cummins & Beecher, § 485, 3 Comp. Laws 1915, § 12362), is as follows:

"In an action either at law, or in equity, any one claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

Section 2 of the enacting clause of the act provides:

"This act is hereby declared to be remedial in character, and as such shall be liberally construed to effectuate the intents and purposes thereof." Act No. 314, Pub. Acts 1915."

This provision of the judicature act has been construed by this court in *Weatherby* v. *Kent Circuit Judge,* 194 Mich. 46.

It cannot be doubted that the bondsmen had a direct financial interest in the outcome of the litigation and this is true whether in the bankruptcy court the whole sum recovered by the trustee should be held to be the property of the bondsmen by right of subrogation or that they were entitled to share in the distribution of the fund so created the same as any ordinary creditor. There was no error in permitting the intervention of which complaint is made.

Assignments 9, 10, and 11 are based upon the action of the court in admitting as exhibits certain certificates made by the architect and by the building committee. It appears to us that these exhibits were properly admitted. Their value as evidence was for the jury under the testimony and proper instructions from the court.

Assignments of error 14-24 are based upon the admission or exclusion of testimony. We find no reversible error therein.

Assignment 20 refers to the testimony of the witness, Van Zaal. In its principal case defendant had offered much testimony tending to show the defective

character of the construction, but had introduced no evidence tending to show the cost of remedying the alleged defects with the exception of fixing the cost of renewing the basement floor which was placed at $228. Plaintiff thereupon swore many witnesses, including the three members of the building committee, who testified that the structure was completed in accordance with the plans and specifications. After both parties had rested defendant put upon the stand the witness, Van Zaal, who was questioned by defendant's counsel as to the cost of repointing the brick work, which he first placed at from $225 to $250. Later, it appearing that this estimate was intended to cover the entire building, and that he had made no examination of the walls higher than he could reach while standing on the ground, he was permitted to testify that to remedy such of the walls as he had personally examined would cost from $30 to $35. He fixed the cost of putting a tile drain all around the building outside the footings at $50, and the cost of repairing or replacing alleged defective work on the black boards at $15.

All this testimony was admitted over the objection of plaintiff's counsel as not being proper rebuttal and because the items being testified to were not set forth in any bill of particulars and took the plaintiff by surprise and would require the bringing in of testimony on the part of plaintiff. This testimony was finally, on motion of plaintiff's counsel, stricken out by the court. In the discretion of the court this testimony might very well have been received although strictly out of order. We are unable to find reversible error in the action of the court in this respect.

Several assignments of error are based upon the charge of the court. This charge is quite lengthy and presents the claims of the contending parties fairly, and, when considered in its entirety, preserves, we

think, the rights of the defendant. In this connection it should be said that all requests preferred by the defendant were given to the jury. They were told that they might find for the plaintiff for the full amount of the claim; that they might find for the plaintiff for a lesser sum than for the full amount of the claim; that they might find a verdict of no cause of action or that they might find for the defendant if they concluded that the defects in the building were greater than the amount of plaintiff's claim. In bringing in a verdict for the plaintiff for $385.76 the jury actually allowed defendant on account of the defects, $295.60. Assuming that they allowed the entire sum of $228 for renewing the basement floor, they allowed $67.60 further for other defects, or about a quarter of the entire sum claimed for defective workmanship, even if the testimony of Van Zaal had been considered.

After verdict, a motion for new trial was made based upon newly-discovered evidence. This claim was supported by the affidavits of the three members of the building committee who swore that after the trial they had made a further examination of the building and had become convinced that their testimony given upon the trial was wrong and that they had been deceived during the progress of the work by the contractor and architect. The learned circuit judge in disposing of this motion said with reference to this evidence:

"This to my mind is not newly-discovered evidence, and owing to the fact that it will necessarily be a contradiction of their former testimony it cannot be of any great weight or use in any event."

Of the claim that the verdict was against the weight of the evidence he said:

"As to the ground that the verdict is against the clear weight of the evidence, it is the opinion of the court that the case having been properly submitted to

the jury, and their finding a verdict for the plaintiff for about one-half of the amount claimed, that this verdict should not be disturbed."

After a careful examination of this record and the assignments of error we must agree with the learned circuit judge.

The judgment is affirmed.

BIRD, MOORE, STEERE, FELLOWS, and STONE, JJ., concurred. OSTRANDER, C. J., and KUHN, J., did not sit.