SIDEBOTTOM *v.* CALHOUN CIRCUIT JUDGE.

ATTACHMENT—MANDAMUS—INTERVENERS—STATUTES.

In mandamus proceedings to compel the circuit judge to set aside an order permitting the wife of defendant to intervene in a suit commenced against him, where property in the wife's name was attached on the ground that defendant was attempting to conceal his property in this State for the purpose of defrauding his creditors, *held*, that the order should be modified allowing her to intervene as to the liability of the husband and the amount thereof, since the avowed purpose of the attachment case is ultimately to file a bill in aid of execution to subject the attached property to the payment of the judgment; but she may not intervene for the purpose of moving a dissolution of the attachment proceedings, because that would not be "in subordination to and in recognition of the propriety of the main proceeding," under section

12362, 3 Comp. Laws 1915; nor may the question of fraud in the conveyance to her be determined. OSTRANDER, C. J., and STEERE, BROOKE, and STONE, JJ., dissenting in part.

Mandamus by Robert B. Sidebottom to compel James G. Tucker, acting circuit judge of Calhoun county, to vacate an order permitting an intervention in an action at law. Submitted April 9, 1918. (Calendar No. 27,564.) Writ granted in modification of the order June 3, 1918.

*Goodenough & Long,* for plaintiff.

BROOKE, J. In this case relator seeks by mandamus to compel the trial court to set aside an order permitting Clara K. Butler to intervene in an action at law in which relator is plaintiff and one Hiland G. Butler, husband of said Clara K. Butler, is defendant. It appears that in February, 1916, relator commenced an action in assumpsit against said Hiland G. Butler. At the time said action was commenced an affidavit of his attorney was filed setting forth among other things that defendant was a nonresident of the State and had concealed and was attempting to conceal his property in the State of Michigan for the purpose of defrauding his creditors. Upon the filing of said affidavit a writ of attachment was issued, returnable February 25, 1916. On March 10, 1916, the writ was returned by the sheriff who certified that he was unable to find the defendant in his county and further that he had attached certain real estate described. At the time said attachment was made the record title to the attached premises stood in the names of said Clara K. Butler, wife of defendant, and of W. P. Butler and Ethel Reliance Butler, son and daughter-in-law of said defendant. Thereafter said Clara K. Butler filed a petition for leave to intervene under the provisions of section 11, chap. 12, Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, § 12362), which follows:

"In an action either at law, or in equity, any one claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

This motion came on to be heard on April 17, 1916, and was thereafter granted by respondent. A motion made on April 24, 1916, for an order vacating said order was denied. The only question raised by this proceeding is whether the learned circuit judge was correct under the undisputed facts in granting the order permitting Clara K. Butler, wife of the defendant, who claims to own the property attached, to intervene in the suit at law between relator and her husband. We are of opinion that it must be held that the order permitting intervention was erroneously entered. Prior to the passage of the judicature act, so called, such intervention was not permitted. In *Peterson* v. *Swenningston*, 178 Mich. 294, it is said:

"The trial court correctly denied Lee's motion for leave to intervene. Whatever the rule may be in other jurisdictions having different rules of practice or enabling statutes, it is the rule in this State that a third person not a party to the action cannot directly intervene to establish ownership of property levied upon by execution. * * *

"He having sold the property before this action was begun, its title and ownership are matters between defendant's grantee and plaintiff to be litigated in independent, appropriate proceedings between themselves, in which both are parties to the record."

We are unable to see how Clara K. Butler, a stranger to the action at law pending between relator and her husband, has an "interest" in the litigation. The primary purpose of the action at law is to establish the fact that Hiland G. Butler is indebted to relator. If said Hiland G. Butler does not appear and defend in that action judgment would doubtless pass against him by default. The issuing of the attachment against

the lands once owned by Hiland G. Butler, the record title to which now stands in the names of his wife and son, serves only to effect substituted service upon the original defendant, so bringing him within the jurisdiction of the court. The passing of judgment against him in that action affects not at all the title to the real estate claimed to be owned by Clara K. Butler and her son and daughter-in-law. Assuming judgment is obtained, execution must be levied upon the attached lands and a bill in aid of execution filed against those in whose name the legal title to said lands stands. In that proceeding Mrs. Butler may properly contest the claim made by relator that Hiland G. Butler in disposing of said property to his wife and son did so fraudulently and with the purpose to defeat and defraud his creditors, of whom relator claims to be one.

The identical question under statutes essentially similar to the section of the judicature act above quoted has been determined in several of our sister States, in accordance with the contention of the relator. See *Dunker* v. *Jacobs,* 79 Neb. 435 (112 N. W. 579); *Meyer & Sons Co.* v. *Black,* 4 N. M. 352 (16 Pac. 620); *Loving* v. *Edes,* 8 Iowa, 427; *Gates* v. *Lumber Co.,* 9 Ohio C. C. 378. For cases in which intervention may properly be permitted under the section relied upon, see *Weatherby* v. *Kent Circuit Judge,* 194 Mich. 46, and *McMillan* v. *School District,* 200 Mich. 280.

The mandamus will issue as prayed.

OSTRANDER, C. J., and STEERE and STONE, JJ., concurred with BROOKE, J.

FELLOWS, J. I do not agree with all that has been said by Mr. Justice BROOKE, in this case. I agree that Mrs. Butler may not intervene for the purpose of moving a dissolution of the attachment proceedings because that would not be "in subordination to and

in recognition of the propriety of the main proceeding." She may not, in this proceeding, have determined the question of fraud in the conveyance to her; but the avowed purpose of this attachment case is to ultimately file a bill in aid of execution with a view of subjecting the property standing in her name to the payment of the judgment obtained in the case, on the ground that such property was fraudulently conveyed to her. As between her and her husband, she is entitled to the property conveyed to her even though in fraud of creditors. If in fraud of creditors the conveyance to her will be set aside upon the bill in aid of execution, and the property become subject to sale to satisfy the judgment. She, therefore, has an interest in the question to be determined in the attachment case, viz., the liability of her husband and the amount thereof. I think, for the purpose of being heard on that question, she is within the purview of the judicature act quoted by Justice BROOKE. In *Weatherby* v. *Kent Circuit Judge*, 194 Mich. 46, and *McMillan* v. *School District*, 200 Mich. 280, cited by my Brother, intervention by those who might ultimately be called upon to pay the judgment was held proper under this statute. I think these cases authorize Mrs. Butler to intervene in this case "in subordination to and in recognition of the propriety of the main proceeding." As I understand the record this will require a modification of the order made by respondent, the record indicating that Mrs. Butler was permitted to intervene for the purpose of moving for dissolution of the attachment.

BIRD, MOORE, and KUHN, JJ., concurred with FELLOWS, J.