NUNNALLY v INTERNATIONAL FIDELITY INSURANCE
COMPANY

Docket No. 77-4356. Submitted August 27, 1979, at Detroit.—Decided
November 7, 1979.

Plaintiff, Roosevelt Nunnally, was injured when his automobile
was struck by a truck driven by Captain John Smith. Within
two years of the accident plaintiff filed suit against Lillian G.
Daniels and Louis H. Cheff, doing business as Mr. Kelley's
Lounge, under the dramshop act. Plaintiff obtained a consent
judgment over three years later. Plaintiff then filed the present
action against defendant, International Fidelity Insurance Com-
pany (International), the surety on the Mr. Kelley's Lounge
liquor bond in force at the time of the accident, alleging an
unlawful sale of intoxicants to Smith, the accident and the
consent judgment. Defendant filed a third-party complaint
against Lillian Daniels and Louis Cheff, alleging that, in the
event International was held liable on the bond, Daniels and
Cheff would become liable to International. The Wayne Circuit
Court, Theodore R. Bohn, J., granted summary judgment for
plaintiff. Defendant International appeals. *Held:*

The dramshop act affords the exclusive remedy for injuries
arising out of the unlawful furnishing of intoxicants. It creates
a statutory cause of action of trespass on the case, not debt on
a bond, against the dramshop's liquor bond surety. The action
accrues immediately upon the unlawful furnishing of intoxi-
cants by the principal and the statute of limitations, two years,
begins to run from that point. The action by plaintiff against
the surety is barred by the statute of limitations.

Reversed and remanded.

N. J. KAUFMAN, J., dissented. He would hold that the dram-
shop act's statute of limitations only requires that a suit to
determine the liability of the tavern owner be commenced
within two years and does not bar a later action against the

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 45 Am Jur 2d, Intoxicating Liquors §§ 579, 589.
What statute of limitations applies to action under dramshop or
civil damage act. 55 ALR2d 1286.
[2] 45 Am Jur 2d, Intoxicating Liquors § 561.

surety where the tavern owner was sued within two years and
a judgment against him was obtained. He would affirm.

Opinion of the Court

1. Intoxicating Liquors — Dramshop Act — Limitation of Actions.

   The dramshop act creates a statutory cause of action of trespass
   on the case, not debt on a bond, against the dramshop's liquor
   bond surety; the action accrues immediately upon the unlawful
   furnishing of intoxicants by the principal and the statute of
   limitations, two years, begins to run from that point (MCL
   436.22; MSA 18.993).

2. Intoxicating Liquors — Dramshop Act — Remedies.

   The dramshop act affords the exclusive remedy for injuries arising out of the unlawful furnishing of intoxicants (MCL 436.22;
   MSA 18.993).

Dissent by N. J. Kaufman, J.

3. Intoxicating Liquors — Dramshop Act — Limitation of Actions.

   *The two-year limitation period embodied in the dramshop act
   requires that a suit to establish the liability of the tavern
   owner be brought within two years of the date on which the
   cause of action arose; it does not operate to bar a claim against
   a tavern owner's surety where the tavern owner was sued
   within two years of the accident and the plaintiff subsequently
   sues the surety on the judgment obtained against the tavern
   owner (MCL 436.22; MSA 18.993).*

*Lopatin, Miller, Bindes, Freedman & Bluestone*
(by *Michael Gagleard)*, for plaintiff.

*Norman L. Zemke,* for defendant.

Before: J. H. Gillis, P.J., and R. B. Burns and
N. J. Kaufman, JJ.

Per Curiam. On January 11, 1970, plaintiff
suffered injuries when his automobile was struck
by a truck driven by John Smith. On December 22,
1971, plaintiff commenced suit against the third-
party defendants under the dramshop act, MCL

436.22; MSA 18.993. The defendant herein, the surety upon the third-party defendants' liquor bond, was not a party to that action.

On April 2, 1975, a consent judgment was entered against the third-party defendants. On June 14, 1976, plaintiff instituted the present action against the defendant in reliance on the consent judgment and the defendants' surety bond, which was in full force and effect on the date of the accident.

Defendant moved for accelerated judgment asserting that plaintiff's claim was barred by the two-year period of limitations contained in the dramshop act. The motion was denied. Plaintiff thereafter moved for summary judgment alleging the existence of the unlawful sale, the surety bond and the consent judgment and asserting that, based thereon, there existed no question of fact to be resolved. Defendant brings this appeal as a matter of right from the order granting plaintiff's motion. GCR 1963, 806.1.

MCL 436.22; MSA 18.993 provides in relevant part:

*"Every * * * [person] * * * who shall be injured* * * * by a visibly intoxicated person by reason of the unlawful selling, giving or furnishing * * * any intoxicating liquor, and the sale is proven to be a proximate cause of the injury or death, *shall have a right of action* * * * *against the person who shall by such selling* * * * *have caused or contributed to the intoxication* * * * or who shall have caused or contributed to any such injury, *and the principal and sureties to any bond given under this law shall be liable, severally and jointly,* with the person or persons selling, giving or furnishing any * * * intoxicating * * * liquors * * *. *Any action shall be instituted within 2 years after the happening of the event* and all factual defenses open to the alleged intoxicated person * * * shall be open and available to

the principal and surety * * *. *Such* damages together with the costs of suit *shall be recovered in an action of trespass on the case* before any court of competent jurisdiction." (Emphasis supplied.)

The question before us is whether the two-year limitations period applies to an injured party's cause of action against a liquor bond surety when the plaintiff has timely commenced suit against the principal. To answer this question we must ascertain the nature of the action against the surety.

The dramshop act creates a statutory cause of action unknown to the common law. *Koehler v DRT Sportservice, Inc,* 55 Mich App 567; 223 NW2d 461 (1974). Under the statute, there exists a direct cause of action against the liquor bond surety, *Scahill v Aetna Indemnity Co,* 157 Mich 310; 122 NW 78 (1909), which is an action of trespass on the case, not an action in debt on the bond. The bond is not the foundation of the action. *Squires v Miller,* 173 Mich 304, 312; 138 NW 1062 (1912). The action against the surety accrues at once upon the unlawful furnishing of intoxicants by the principal. *Anthony v Krey,* 70 Mich 629, 632; 38 NW 603 (1888). The period of limitations begins to run at that time.

In the present case, the unlawful sale of intoxicants and the resulting accident occurred on January 11, 1970. The two-year limitations period began to run as of that date. Plaintiff did not commence his action against the defendant until June 14, 1976, approximately 6-1/2 years after the date of the injury and approximately 4-1/2 years after the expiration of the two-year period. Having failed to commence the action against the defendant timely, plaintiff's claim is barred. The denial

of defendant's motion for accelerated judgment was reversibly erroneous.

Notwithstanding the foregoing, plaintiff contends that he has a remedy against the surety on the bond independent of the provisions of the dramshop act. We do not agree. The dramshop act affords the exclusive remedy for injuries arising out of the unlawful furnishing of intoxicants. *Manuel v Weitzman,* 386 Mich 157, 164-165; 191 NW2d 474 (1971).

Reversed and remanded. Costs to appellant.

N. J. KAUFMAN, J. *(dissenting).* I find it difficult to disagree with anything my colleagues state in their opinion, with the exception of their interpretation of the statute, MCL 436.22; MSA 18.993.

I agree that if plaintiff sues the principal he must do so within two years from the happening of the event.

I further agree that if plaintiff sues the principal and surety jointly he must do so within two years from the happening of the event.

I further agree that if plaintiff sues the surety only he must do so within two years from the happening of the event.

I further agree that in any of the situations stated above the action is, and rightfully so, trespass on the case.

However, our situation is different as can be seen by the settled record.[1]

---

[1] "ORDER SETTLING RECORD ON APPEAL

"At a session of said Court, held in the City-County Building, in the City of Detroit, County of Wayne, State of Michigan, on: May 10, 1979.

PRESENT: Honorable Theodore R. Bohn

Circuit Court Judge

"The Defendant, INTERNATIONAL FIDELITY INSURANCE

COMPANY, having heretofore taken an appeal to the Court of Appeals, its case number being 77-4356, and the Court of Appeals having on March 9, 1979, directed this Court to prepare a settled record, and the matter having been brought on to be heard and the Court being fully advised in the premises,

"IT IS HEREBY DETERMINED AND CERTIFIED that this case arose from the following factual context, to-wit:

"On January 11, 1970, Plaintiff suffered personal injuries when his automobile was struck by a truck being operated by one Captain John Smith. On December 22, 1971, Plaintiff instituted suit against Lillian G. Daniels, d/b/a Mr. Kelley's Lounge, Louis H. Cheff, d/b/a Mr. Kelley's Lounge, Wayne County Circuit Court Civil Action Number 196-444, alleging that the cause of the accident was the intoxicated condition of Captain John Smith, and that such intoxication was the result of the unlawful sale of intoxicating beverages by Mr. Kelley's Lounge.

"That in pertinent part, a letter from Plaintiff's former attorney, Elliott Baron, to Defendant, International Fidelity Insurance Company reads as follows:

" 'On or about January 11, 1970, your insured, Mr. Kelley's Bar, located at 4462-4472 Chene, Detroit, Michigan, was owned and operated by Lillian G. Daniels and/or Louis H. Cheff.

Liquor served at this establishment in violation of Michigan Statutes resulted in injury to my client, Roosevelt Nunnally, and suit was instituted accordingly prior to the two year Statute of Limitations.

This letter will act as my attorney's lien for any and all sums paid or to be paid to my client, Roosevelt Nunnally, as a result of this claim.

As your insurance company is liable for the amount of bond posted, please contact me with reference to settlement of this claim.'

The aforementioned letter was dated April 14, 1972. On April 2, 1975, a Consent Judgment in the amount of $31,000.00 was entered by Plaintiff against Mr. Kelley's Lounge.

"On the date of the accident, January 11, 1970, there was in full force and effect and on file with the Michigan Liquor Control Commission a $5,000.00 Class 'C' liquor bond filed by Defendant, International Fidelity Insurance Company.

"On September 30, 1975, a Writ of Garnishment (No. 196 444; issued pursuant to the Consent Judgment which had been entered on April 2, 1975).

"That the April 14, 1972 letter from Plaintiff's former attorney to Defendant, International Fidelity Insurance Company was attached as an exhibit to Plaintiff's 'Supplemental Brief in Support of Plaintiff's Motion for Summary Judgment' in Civil Action No: 196 444.

"In a 'Memorandum Opinion' issued by Wayne County Circuit Court Judge John M. Wise, dated September 1, 1976, relative to Civil Action No: 196 444 R, the Court denied Plaintiff's Motion for Summary Judgment '* * * for the reason that garnishment proceedings against the International Fidelity Insurance Company is an improper procedure against the bonding company', and sometime thereafter, the Order dismissing Civil Action No: 196-444 R was entered. On

Defendant knew about the pending case. Therefore, if it wanted to intervene in the original action, it could have done so. The letter from plaintiff's former attorney to the bonding company reads in part as follows:

"On or about January 11, 1970, your insured, Mr. Kelley's Bar, located at 4462-4472 Chene Detroit, Michigan was owned and operated by Lillian G. Daniels and/or Louis H. Cheff.

"Liquor served at this establishment in violation of

June 14, 1976, Plaintiff instituted the instant lawsuit in reliance not only upon the Consent Judgment, alleging that Plaintiff was injured on January 11, 1970 as the proximate result of an unlawful sale of intoxicating liquors by Mr. Kelley's Lounge, that Defendant had a surety bond on file on that date and was, in fact, in full force and effect on that date, and that a $31,000.00 Consent Judgment was obtained on April 2, 1975, and that $6,000.00 was 'uncollected' on said Judgment.

"Defendant, International Fidelity Insurance Company, filed a Motion for Accelerated Judgment pursuant to GCR 116.1(5) for the reason that Plaintiff's claim was barred by the Statute of Limitations. Defendant also moved for Summary Judgment pursuant to 117.2(1) for the reason that Plaintiff failed to state a claim upon which relief could be granted. The Motions were denied.

"Defendant, International Fidelity Insurance Company, then filed an Answer and Affirmative Defenses. Thereafter, Plaintiff filed a Motion for Summary Judgment, urging the unlawful sale, the existence of the liquor bond on the date of sale, and the Consent Judgment, and urged that based thereon, there is no question of fact. Plaintiff's Motion for Summary Judgment was granted, and Defendant appealed as of right.

"IT IS FURTHER DETERMINED AND CERTIFIED that the settled record on appeal shall consist of all those documents recited in the annexed copy of docket entries prepared by the Wayne County Circuit Court Clerk as well as the letter from Plaintiff's former attorney to Defendant, International Fidelity Insurance Company, the Writ of Garnishment (No. 196 444), Memorandum Opinion issued by Wayne County Circuit Judge John Wise, dated September 1, 1976.

"/s/ Theodore R. Bohn
CIRCUIT COURT JUDGE

"APPROVED AS TO FORM:
/s/ Peter J. Lyons

~~NORMAN L. ZEMKE~~ Peter J. Lyons
Attorney for Defendant
International Fidelity Insurance Company"

Michigan Statutes resulted in injury to my client, Roosevelt Nunnally, and suit was instituted accordingly prior to the two (2) year Statute of Limitations.

"This letter will act as my attorney's lien for any and all sums paid or to be paid to my client, Roosevelt Nunnally, as a result of this claim.

"As your Insurance Company is liable for the amount of bond posted, please contact me with reference to settlement of this claim."

*McMillan v School District No. 2, Portsmouth Twp*, 200 Mich 280, 284; 167 NW 48 (1918) states:

"It cannot be doubted that the bondsmen had a direct financial interest in the outcome of the litigation and this is true whether in the bankruptcy court the whole sum recovered by the trustee should be held to be the property of the bondsmen by right of subrogation or that they were entitled to share in the distribution of the fund so created the same as any ordinary creditor. There was no error in permitting the intervention of which complaint is made."

It cannot be doubted that defendant International Fidelity had a direct interest in the lawsuit against Lillian G. Daniels, etc. as they initiated and filed a third party complaint against them on June 24, 1977, claiming in part "[t]hat if Third Party Plaintiff is found liable on said bond, and pays the same to Plaintiff, Third Party Defendants will become liable to Third Party Plaintiff herein in the amount, if any, of Plaintiff's judgment against Third Party Plaintiff" and subsequently filed a default judgment against Lillian G. Daniels, etc. on May 24, 1977.

Therefore, the two-year statute of limitations period embodied in MCL 436.22; MSA 18.993, does not operate to bar a claim against a tavern owner's surety where the tavern owner was sued

within two years of the accident and the plaintiff subsequently sues the surety on the judgment obtained against the tavern owner. All MCL 436.22; MSA 18.993, requires is that suit to establish the liability of the tavern owner be brought within two years of the date on which the cause of action arose.

If the Legislature wanted the surety to be a mandatory party litigant they could have said so as they did in the amendment to MCL 436.22; MSA 18.993:

"No action against a retailer or wholesaler or anyone covered by this act or his surety, shall be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

The immediate effect of this amendment, 1972 PA 196, § 1, was June 29, 1972 (the so-called name and retain statute).

I would affirm the trial court.