BROWDER v INTERNATIONAL FIDELITY INSURANCE
COMPANY

Docket No. 44868. Submitted February 21, 1980, at Detroit.—Decided
May 8, 1980. Leave to appeal applied for.

Willodean Browder, hereinafter plaintiff, was injured by an un-
known assailant while she was a patron at the Grapevine
Lounge. Initially, plaintiff filed suit against the owner of the
lounge and the unknown assailant. Two and one-half years
after the injury, the plaintiff filed an amended complaint
against International Fidelity Insurance Company, hereinafter
defendant, the surety for a class "C" liquor bond on the lounge.
The plaintiff alleged liability stemming from the Michigan
dramshop act. Subsequently, a default judgment was entered
against the lounge owner. The defendant moved for, and was
granted, an accelerated judgment because the two-year limita-
tion of the dramshop act barred plaintiff's complaint, in an
order by the Wayne Circuit Court, Patrick J. Duggan, J.
Plaintiff appeals from that judgment. *Held:*

1. The limitation period of the Michigan dramshop act should
govern all actions in which a plaintiff alleges liability based on
the act.

2. Amendment of a complaint does not relate back to the
original filing date for purposes of adding a new party defen-
dant where the limitation period has expired as to that defen-
dant.

Affirmed.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — LIMITATION OF ACTIONS
   — STATUTES.

   The limitation period of the Michigan dramshop act should

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquors § 561 *et seq.*
   51 Am Jur 2d, Limitation of Actions § 135 *et seq.*
   Statute of limitations applicable to action under dramshop or civil
   damage act. 55 ALR2d 1286.
[2] 59 Am Jur 2d, Perties § 192.
   61 Am Jur 2d, Pleading § 336.

govern all actions in which a plaintiff alleges liability based on the act (MCL 436.22; MSA 18.993).

2. Pleading — Limitation of Actions — Amendment of Complaint — Parties.

Amendment of a complaint does not relate back to the original filing date for purposes of adding a new party defendant where the limitation period has expired as to that defendant.

*Lopatin, Miller, Bindes, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman*), for plaintiff.

*Zemke, Hirschhorn & Tukel, P.C.* (by *Peter J. Lyons*), for defendant.

Before: Bashara, P.J., and D. F. Walsh and T. M. Burns, JJ.

Per Curiam. The plaintiff was injured while a patron at the Grapevine Lounge on November 12, 1973. The identity of her assailant remains unknown. On October 15, 1974, the plaintiff filed suit against the owner of the lounge and her unknown assailant. Two and one-half years after the injury, the plaintiff filed an amended complaint against the defendant, International Fidelity Insurance Company, alleging liability stemming from the Michigan dramshop act, MCL 436.22; MSA 18.993. The defendant at the time of the injury was the surety for a class "C" liquor bond on the lounge. A default judgment against the lounge owner was entered on April 19, 1977.

The defendant filed, *inter alia,* a motion for accelerated judgment, contending that the plaintiff's complaint was barred by the two-year limitation period contained within the dramshop act. The pertinent section of the act reads:

"Every * * * [person] who shall be injured in person

or property, * * * by a visibly intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, and the sale is proven to be a proximate cause of the injury or death, shall have a right of action in his or her name against the person who shall by such selling, or giving of any such liquor have caused or contributed to the intoxication of said person or persons * * * and the principal and sureties to any bond given under this law shall be liable, severally and jointly, with the person or persons selling, giving or furnishing any spiritous, intoxicating or malt liquors as aforesaid, * * *. Any action shall be instituted within 2 years after the happening of the event and all factual defenses open to the alleged intoxicated person or minor shall be open and available to the principal and surety." MCL 436.22; MSA 18.993.

The appellee relies upon the recent decision of *Nunnally v International Fidelity Ins Co,* 94 Mich App 291; 288 NW2d 356 (1979). While the facts in the *Nunnally* decision are distinguishable, its general proposition of law is applicable. We agree with its holding and affirm the lower court's granting of the appellee's motion for accelerated judgment.

In *Nunnally,* this Court faced the problem of whether the dramshop act's two-year limitation period applied where the injured party first sued the principal (tavern owner), obtained a consent judgment, and then sued the surety on the liquor bond. The majority in *Nunnally* held that the act's limitation period applied to the subsequent action against the surety since the act established liability in derogation of the common law.

The dissent in that case stated that since the principal had been sued within the two-year statutory limit and the surety was being sued upon the

bond in judgment, the two-year statutory limitation did not apply.

However, in the case at bar, the plaintiff's suit against the defendant's surety was not upon a judgment. The plaintiff amended her complaint to add the surety before a default judgment had been entered against the principal. This Court's review of the plaintiff's complaint against the defendant surety indicates that the plaintiff was basing liability upon a negligence theory as established under the dramshop act. Where the plaintiff has alleged liability based upon the dramshop act, the act's limitation period should govern.

We hasten to add that GCR 1963, 118.4 does not alter this result by allowing the plaintiff to add a party defendant by an amended complaint and relate the action back to the original date of injury. The general rule is that an amendment does not relate back to the original filing date for purposes of adding a new party defendant when the statute of limitations has expired as to that defendant. *Higginbotham v Fearer Leasing, Inc,* 32 Mich App 664; 189 NW2d 125 (1971), *lv den* 385 Mich 765 (1971), *Forest v Parmalee (On Rehearing),* 60 Mich App 401; 231 NW2d 378 (1975), *aff'd* 402 Mich 348; 262 NW2d 653 (1978). See also 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 407; 54 CJS, Limitation of Actions, § 276.

Affirmed, costs to defendant.