CUSSANS v HARRIS

Docket No. 55201. Submitted April 7, 1982, at Lansing.—Decided
August 23, 1982.

Rick C. Cussans was injured in an automobile accident which
occurred on October 3, 1976. On June 9, 1978, Cussans entered
into a settlement agreement with Gregory P. Mangett, the
driver of the other automobile involved in the accident. The
agreement released Mangett from liability for Cussans' injuries
and included a document entitled "Release With Indemnifying
Agreement". Cussans then filed suit in Genesee Circuit Court
against Roy B. Harris, doing business as The Shanty, alleging
that Harris, doing business as The Shanty, illegally furnished
intoxicating liquor to Mangett while Mangett was visibly intox-
icated, that as a proximate result of the illegal sale Mangett
was involved in the accident with Cussans, and that Cussans
suffered serious injuries as a result of the accident. Defendant
moved to dismiss the complaint based on plaintiff's failure to
name and retain the alleged intoxicated person. The trial court
ordered plaintiff to add Mangett as a party defendant, which
plaintiff finally did on October 18, 1979. Mangett moved for
accelerated judgment on the ground that plaintiff's action
against him was barred by the statute of limitations and the
settlement agreement. Harris moved to dismiss the action
against him claiming it was barred because plaintiff had failed
to name and retain the alleged intoxicated person. The trial
court, Earl E. Borradaile, J., granted both motions. Plaintiff
appeals. *Held:*

1. With respect to defendant Mangett, the plaintiff failed to
comply with the two-year period of limitations contained in the
dramshop act. Consequently, any action against Mangett was
barred due to the running of the period of limitation and the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 45 Am Jur 2d, Intoxicating Liquors § 594.

[3] 45 Am Jur 2d, Intoxicating Liquors § 589.
    What statute of limitations applies to action under· dramshop or
    civil damage act. 55 ALR2d 1286.

[4] 51 Am Jur 2d, Limitation of Actions § 236.

court properly granted accelerated judgment in Mangett's favor.

2. The trial court properly granted accelerated judgment in favor of defendant Harris because the alleged intoxicated person in a dramshop action must be named and retained as a party to the lawsuit unless one of the exceptions to the name and retain provision applies. Neither of the exceptions apply under the facts of this case.

Affirmed.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — NAME AND RETAIN PROVISION.

The purpose of the name and retain provision of the dramshop act is to eliminate the practice whereby the intoxicated person enters into a settlement with the injured plaintiff for a token sum and thereafter assists the plaintiff with the prosecution of a suit against the tavern owner; the provision also discourages possible collusion and perjury by those too weak to resist the obvious temptation inherent in the original dramshop act (MCL 436.22; MSA 18.993).

2. INTOXICATING LIQUORS — DRAMSHOP ACT — NAME AND RETAIN PROVISION.

The name and retain provision of the dramshop act requires that the plaintiff keep the alleged intoxicated person in the lawsuit against the tavern owner although it is not required that the intoxicated person remain as an active party or have a continuing monetary interest in the outcome; exceptions to this rule exist where the plaintiff cannot, after due diligence, identify the intoxicated person or cannot retain the intoxicated person as a party defendant because the plaintiff has no cause of action against him (MCL 436.22; MSA 18.993).

3. LIMITATION OF ACTIONS — DRAMSHOP ACT.

The general statute of limitations does not apply to dramshop actions since the dramshop act contains provisions for a two-year period of limitation for actions arising out of the unlawful furnishing of intoxicants (MCL 436.22; MSA 18.993).

4. PLEADING — LIMITATION OF ACTIONS — AMENDMENT OF COMPLAINT — PARTIES.

Amendment of a complaint does not relate back to the original filing date for purposes of adding a new party defendant where the limitation period has expired as to that defendant.

*John A. Streby,* for plaintiff.

*Law Offices of Seth H. Barsky, P.C.* (by *Edward B. Meth*), for defendants.

Before: M F. CAVANAGH, P.J., and R. M. MAHER and K. B. GLASER,* JJ.

K. B. GLASER, J. The trial court granted accelerated judgment, pursuant to GCR 1963, 116.1(5), in favor of defendants. Plaintiff appeals as of right.

This is a dramshop action arising out of an automobile accident which occurred on October 3, 1976. In his complaint, plaintiff alleged that defendant Roy B. Harris, doing business as The Shanty (hereinafter referred to as "defendant bar"), illegally furnished intoxicating liquor to defendant Mangett, the alleged intoxicated person (AIP), while the latter was visibly intoxicated, that as a proximate result of the illegal sale Mangett was involved in an automobile accident with plaintiff, and that plaintiff suffered serious injuries as a result of the accident. On June 9, 1978, plaintiff entered into a settlement agreement with defendant Mangett and executed a document entitled, "Release With Indemnifying Agreement". Shortly thereafter, plaintiff commenced this action in the trial court, naming only defendant bar and alleging a violation of the dramshop act. MCL 436.22; MSA 18.993. Defendant bar moved to dismiss the complaint based on plaintiff's failure to name and retain the AIP. Several times subsequently, the trial court ordered plaintiff to add the AIP as a party defendant. However, not until October 18, 1979, did plaintiff file an amended complaint which added Mangett as a party defendant. Thereafter, defendant Mangett moved for accelerated judgment claiming that plaintiff's action against him was barred by the statute of limitations and

* Circuit judge, sitting on the Court of Appeals by assignment.

the June 9, 1978, release. Likewise, defendant bar renewed its motion claiming that plaintiff's action against it was barred because he was unable to name and retain the AIP as required by the statute. The trial court granted defendants' motions. On appeal, plaintiff claims that, (1) the dramshop act does not require a plaintiff to name the AIP as a party defendant before effecting a settlement with him, (2) the applicable statute of limitations is three years, MCL 600.5805(8); MSA 27A.5805(8), and (3) the June 9, 1978, agreement between plaintiff and defendant Mangett should be interpreted as a covenant not to sue, rather than an outright release.

In pertinent part, the dramshop act reads as follows:

"(5) A wife, husband, child, parent, guardian, or other person injured in person, property, means of support, or otherwise, by a visibly intoxicated person by reason of the unlawful selling, giving, or furnishing of intoxicating liquor to the person, if the sale is proven to be a proximate cause of the injury or death, shall have a right of action in his or her name against the person who by the selling, giving, or furnishing the liquor has caused or contributed to the intoxication of the person or who has caused or contributed to the injury. * * * An action shall be instituted within 2 years after the injury or death * * *. An action against a retailer, wholesaler, or anyone covered by this act or a surety, shall not be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement. * * *" MCL 436.22(5); MSA 18.993(5).

The purpose of the latter sentence, added by amendment in 1972 and commonly known as the name and retain provision, has been stated by the Supreme Court as follows:

"The provision will eliminate the common practice whereby the intoxicated person enters into a settlement with the injured plaintiff for a token sum, and thereafter energetically assists the plaintiff with the prosecution of a suit against the tavern owner. The provisions will also discourage possible collusion and perjury by those too weak to resist the obvious temptation inherent in the original dramshop act, which has now been recognized by the Legislature and corrected through this amendment."

*Salas v Clements,* 399 Mich 103, 108-109; 247 NW2d 889 (1976), quoting *Salas v Clements,* 57 Mich App 367, 372; 226 NW2d 101 (1975). Also, *Schutz v Murphy,* 99 Mich App 386, 389; 297 NW2d 676 (1980). Regardless of how the June 9, 1978, agreement is characterized, it is clear that the name and retain provision must be complied with, *i.e.,* the plaintiff must keep the AIP in the lawsuit, although it is not required that the latter remain as an active party or have a continuing monetary interest in the outcome. *Putney v Gibson,* 94 Mich App 466, 468-478; 289 NW2d 837 (1979), *lv gtd* 408 Mich 897; 291 NW2d 358 (1980), *Buxton v Alexander,* 69 Mich App 507, 511; 245 NW2d 111 (1976), *lv den* 399 Mich 827 (1977). However, in limited circumstances, compliance is excepted if the plaintiff cannot, after due diligence, identify, *i.e.,* name, the AIP, *Salas, supra,* 106, 110, *Putney, supra,* 474-475, *Woodbeck v Curley (After Remand),* 107 Mich App 784, 786; 310 NW2d 242 (1981), or cannot retain the AIP as a party defendant because the plaintiff has no cause of action against him. *Schutz, supra, Farmers Ins Group v Clear,* 94 Mich App 655, 660; 290 NW2d 51 (1980). Plaintiff does not come under either exception. *Rowan v Southland Corp,* 90 Mich App 61, 69; 282 NW2d 243 (1979).

Moreover, since the accident occurred on Octo-

ber 3, 1976, and since plaintiff did not attempt to add Mangett as a party defendant until October 18, 1979, it is clear that plaintiff failed to comply with the two-year period of limitation contained in the dramshop act. The Supreme Court has specifically found that the general statute of limitations does not apply to dramshop actions. *Holland v Eaton,* 373 Mich 34, 38-40; 127 NW2d 892 (1964), *overruled on other grounds Lambert v Calhoun,* 394 Mich 179, 184; 229 NW2d 332 (1975). Also, *Jones v Bourrie,* 369 Mich 473; 120 NW2d 236 (1963), *Browder v International Fidelity Ins Co,* 98 Mich App 358, 361; 296 NW2d 60 (1980), *Nunnally v International Fidelity Ins Co,* 94 Mich App 291, 294; 288 NW2d 356 (1979). Further, even if a common-law cause of action should survive against the AIP, *Rowan, supra,* 68-69, and the general three-year statute of limitations were applicable, MCL 600.5805(8); MSA 27A.5805(8), plaintiff did not attempt to add Mangett until more than three years after the date of the accident.

"We hasten to add that GCR 1963, 118.4 does not alter this result by allowing the plaintiff to add a party defendant by an amended complaint and relate the action back to the original date of injury. The general rule is that an amendment does not relate back to the original filing date for purposes of adding a new party defendant when the statute of limitations has expired as to that defendant." (Citations omitted.) *Browder, supra,* 361.

Consequently, since any action against Mangett was barred due to the running of the period of limitation, the trial court properly granted accelerated judgment in his favor. It necessarily follows then that, since plaintiff could not retain Mangett, the trial court also properly granted accelerated judgment in favor of defendant bar.

Affirmed. Defendants may tax costs.