57 413
100 130

## EDWARD A. GOTT, ASSIGNEE OF JOSEPH KUHN v. SIMON HOSCHNA.

*Assignment for benefit of creditors—Dissolution of Attachments—Costs.*

1. Where an assignment for the benefit of creditors was in full harmony with the existing law (How. Stat. ch. 303) the fact that it purported to refer to the void statute of 1883 (Act 193) did not defeat it so long as it was not repudiated or set aside by the assignor, who was bound to know the law.

2. In Michigan an insolvent's assignment need not be recorded to defeat an attachment levied within ten days after it was made. How. Stat. § 8739.

3. Neither the assignee of an insolvent, nor any other third person can intervene in a common-law action to dissolve an attachment levied on the insolvent's land. Nor can the assignee proceed for that purpose under How. Stat. § 8026, which is open only to a defendant, who is entitled to the return of the property, in a case where plaintiff has no sufficient cause for suing out the writ.

4. Equity seems to be the natural refuge of one who suffers serious legal wrong without adequate legal remedy.

5. Equity has jurisdiction, at the suit of an insolvent's assignee, to dissolve attachments improperly levied on the insolvent's lands, whether such lands are occupied or not.

6. Costs were left to be borne by the parties where relief was granted in a novel proceeding to set aside an attachment on lands which the creditor had good reason to defend, and where the frame of the bill for relief was such that he might fairly believe it could not be maintained.

7. Costs of maintaining a proceeding brought by an insolvent's assignee are to be paid out of the fund.

Appeal from Wayne. (Speed, J.) June 12.—June 17.

BILL to set aside attachments. Defendant appeals. Decree modified.

*Wm. H. Wells* for complainant. *Boese v. King* 78 N. Y. 471, holds an assignment valid which was based upon a statute which was inoperative, and *overrules* same case : 17 Hun 270; the apparent title in one who claimed title under an execution deed on an attachment subsequent to the attachment of the complainant, was a cloud : *Lick v. Ray* 43 Cal. 83 ; where defendant persisted in the intention to sell land on an attachment lien which had expired, it was held that equity had jurisdiction to remove the cloud, and to prevent a shade being cast upon the title : *Pettit v. Shepherd* 5 Paige Ch. 501 ; where the adverse claim prevented the party from enforcing specifically a contract of sale and also exposed him to litigation and affected the market value of the land, it was held to be a cloud : *Clouston v. Shearer* 99 Mass. 211 ; sale under a void decree was held a cloud : *Johnson v. Johnson* 30 Ill. 215 ; a deed upon an execution which was void for uncertainty, yet

under which defendant claimed title, was held a cloud: *Stout v. Cook* 37 Ill. 283; a bill was sustained in behalf of an assignee to quiet his title against attachment proceedings: *Palmer v. Mason* 42 Mich. 148; in *Folkerts v. Power* 42 Mich. 283, upon a bill to enjoin the collection of invalid taxes, the court held that it had jurisdiction to relieve the land from the cloud caused by the tax proceedings and would also relieve against the tax on the personalty: see *Miller v. Stepper* 32 Mich. 194; but where this saving principle could not be relied upon, bills have been maintained by parties having no greater interest, in the realty affected by the cloud than the complainant has in the parcels conditionally sold by him; in *Chamblin v. Slichter* 12 Minn. 276, one who had covenanted against incumbrances was held competent to protect himself in equity against an adverse claimant; also in *Ely v. Wilcox* 26 Wis. 91, a vendor who had sold to numerous parties with covenants, was held to have such an interest remaining as entitled him to relief; in *Fitzhugh v. Barnard* 12 Mich. 104, the complainant was in possession of all but a small portion of the premises and a decree quieting his title to the whole was held properly granted; a bill to quiet title rests on possession, but it is not essential to a bill to remove an incumbrance; *Meth. Church v. Clark* 41 Mich. 738; *Jones v. Smith* 20 Mich. 360.

*James H. Pound* for defendant. One who is not in possession cannot maintain a bill to quiet title; *Barron v. Robbins* 22 Mich. 35; *Stockton v. Williams* Walk. Ch. 120: 1 Doug. (Mich.) 546; *Moran v. Palmer* 13 Mich. 367; *Tabor v. Cook* 15 Mich. 322; *Miller v. Neiman* 27 Ark. 233; *Meth. Church v. Clark* 41 Mich. 738; *Page v. Montgomery* 46 Mich. 51; 1 Waite's A. & D. 666; and if complainant pending suit transfers his title he can go no farther: 1 Story's Eq. Pl. 329, 354; *Webster v. Hitchcock* 11 Mich. 56; *Perkins v. Perkins* 16 Mich. 162; *Brewer v. Dodge* 28 Mich. 359; *Barnett v. Powers* 40 Mich. 317; *Terry v. McClintock* 41 Mich. 492; equity interferes to remove clouds upon the title, because they embarrass the owner of the property clouded, and tend to impede his free sale and disposition; *therefore a party cannot maintain a suit to remove a cloud upon the title to land in which he has no interest, upon the sole ground that he has warranted the title:* *Bissell v. Kellogg* 60 Barb. 617: 65 N. Y. 432; also see *Mason v. Lord* 40 N. Y. 476; *Schermerhorn v. Talman* 14 N. Y. 93; *Post v. Bank of Utica* 7 Hill 391: Story Eq. Jur. § 301; *Byne v.*

*Vivian* 5 Ves. 604; *Ward v. Dewey* 16 N. Y. 519, 581; a common-law assignment upon trusts, one of which is as in this case, "that any balance in the hands of the assignee, after discharging his trust, shall be returned to the assignor," and where the creditor as a condition of participation in the debtor's estate, must release the debtor from future liability, *is void*: *Duggan v. Bliss* 4 Col. 223; *Boese v. Locke* 17 Hun 270; a deed of assignment to be valid must distinctly declare the uses and trusts, and no control or coercion can be reserved in the deed to be exercised either by the debtor or his trustee, and no benefit can be stipulated for by the debtor: *Grimshaw v. Brown* 12 Ala. 102–3; the assigning debtor cannot in his deed extort from his creditors a release as a condition of their participation in his estate: *Swearingen v. Slicer* 5 Mo. 241; *Wakeman v. Grover* 4 Paige 35, 40; *Atkinson v. Jordan* 5 Ohio 293; see *Spaulding v. Strong* 32 Barb. 235; *Ezekiel v. Dixon* 3 Ga. 146; *Palmer v. Giles* 5 Jones (N. C.) Eq. 75; *Hubbard v. McNaughton* 43 Mich. 221; an assignment bad in part is all bad; *Seaving v. Brinkerhoff* 5 Johns. Ch. 329; *Hyslop v. Clarke* 14 Johns. 458; *Austin v. Bell* 20 Johns. 442; *Boese v. Locke* 17 Hun 270.

CAMPBELL, J. This was a bill filed in the circuit court for the county of Wayne, to set aside attachment proceedings levied on the lands of the debtor, which were covered by the assignment.

Joseph Kuhn, on the 4th of February, 1884, made a general assignment to complainant, who accepted the trust, and entered on its duties in proper time. The attachment of defendant was levied within ten days after the assignment, contrary to the terms of section 8739, Howell's Compilation, which declares that such levy shall not be valid.

Defendant relies on some objections against the assignment itself, which require notice in the outset. It is claimed that the instrument purports to refer to the law of 1883 (p. 217), which has been held void by this Court, and is therefore null. It is sufficient to say that it is completely in harmony with the only existing law on that subject, which is chapter 303 of Howell; and that it has not been repudiated or set aside by the assignor, who was bound to know the law, and who is not shown to be dissatisfied.

It is also claimed that the attachment must prevail because made before the assignment was recorded. The statute, however, makes all such attachments void as against the assignment, without any reference to the record, and there is no law of this State to the contrary.

It is also objected that a bill to quiet title will not lie under the statute without actual possession in the complainant, which is negatived as to a part of the land levied on. And it is further objected that several parcels of the land described in the bill are shown to have been sold during the pendency of this suit, and that as to those, the suit has abated.

Both of those objections would have force if the suit was a statutory one for the purpose of quieting title. But such is not its nature. The statute which forbids attachment levies, points out no way whereby the assignee can move in the attachment suit to dissolve the attachment; and, in the absence of such provision, a third party cannot intervene in a common-law action. Neither could the assignee avail himself of the special proceeding to dissolve attachments before circuit court commissioners or judges at chambers, under § 8026 of Howell's Compilation. The right to make such application is confined to a defendant; and he must be entitled to a return of the property. It is further confined to cases where the plaintiff has no sufficient cause for suing out the writ. In the present case, the defendant could probably have shown such cause.

There being no right of intervention in the law proceedings, it would be singular if the assignee had no remedy to avoid an attachment which he has a right to regard as void, and which, unless set aside, must greatly impair the value of the assigned property in the market.

Where there is a serious legal wrong, with no adequate legal remedy, a court of equity would seem to be the natural resort, if the grievance is so serious as to work great mischief. But we are not left to inference in this matter. By section 8749 it is provided that "The circuit court in chancery of the proper county shall have supervisory power

of all matters, questions and disputes arising under such assignment, except as otherwise provided in this act, and may, on the application of the assignee or any person interested, make all necessary and proper orders for the management and disposition of the assigned property, the distribution of the assets and avails, the recovery of all property claimed by third persons, and may from time to time require new bonds or sureties, who shall justify as herein provided."

We think the jurisdiction exists to remove attachments on land, and there seems to be no other adequate remedy to avoid them. Personal property may not require the same help, because there are possessory remedies at common law. And it can make no difference whether the lands are occupied or not. The attachment is attacked as a whole, and the remedy is sought to avoid it altogether, and not merely as to particular tracts of land.

The decree below is substantially correct, although it would be better to confine it to a dissolution of the attachment itself; and it may be so modified if desired. But we are not disposed to decree costs against the defendant. The frame of the bill might fairly lead him to believe that it was based on the ordinary rules applying, as between individuals, as to the grounds of jurisdiction, and on those he would have prevailed as to a part, at least, of the property. The other law questions are also novel, and he had strong moral grounds for seeking any available remedy or defense within his reach. While we do not give him costs, we think it quite proper to leave each party to pay his own costs in both courts. The assignee can have his costs ultimately out of the fund, and will not be damnified

The decree will be modified accordingly.

The other Justices concurred.