PETERSON *v.* SWENNINGSTON.

1. ATTACHMENT — STIPULATIONS — APPEAL AND ERROR—CONSTRUC-
TION—MOTIONS.

In attachment proceedings upon the intervening petition
of a third party who claimed to own the attached premises
by virtue of an unrecorded deed, the plaintiff was not
barred from defending the case on appeal upon other
grounds than those presented in defendant's and inter-
vener's motions, by a stipulation agreed to by his coun-
sel, whereby, in consideration of plaintiff's extending the
time of redemption, the intervener consented to confine
his objections to those already presented to the court and
would file no further objections or motions, and that
either party might exhaust all his remedies by appeal
in any form he might select.

2. SAME—INTERVENTION—STATUTES.

In the absence of a statute permitting the claimant of real
property to intervene in an attachment case to establish
his title, no authority exists for such procedure.

3. SAME.

In the case of substituted service in attachment, and judg-
ment by default thereon, the proceeding is *in rem* and
reaches the property only: final execution cannot be levied
on other property of the defendant.

4. MOTIONS—ATTACHMENT—PARTIES.

Where the defendant in attachment had absconded to
escape a criminal prosecution, and plaintiff, his bondsman,
who had been required to pay the bail as fixed, caused
the writ to be levied on realty which stood on the records
in the name of defendant who claimed to have sold the
property and to have parted with any interest that he may
have had, he was not entitled to move to quash the writ,
and set aside a sale of the real property, having disposed
of the premises, the controversy was between plaintiff and
his grantee.

Error to Muskegon; Sullivan, J. Submitted No-
vember 17, 1913. (Docket No. 128.) Decided De-
cember 20, 1913.

Attachment by Fred Peterson against Lawrence G. Swenningston. Defendant and Almon B. Lee, an intervening petitioner, bring error from an order denying their several motions to quash the writ and vacate a sale under the writ. Affirmed.

*F. E. Wetmore,* for appellants.
*Sutherland, Johnson & Sessions,* for appellee.

STEERE, C. J.  This contention involves an attack by motion upon the validity of a judgment rendered in an action begun by attachment against defendant Swenningston wherein substituted service was had by publication. The abundant reasons for plaintiff suing out the writ and not making personal service upon defendant arose from defendant absconding the county and country for parts unknown shortly before his presence was required at the September, 1910, term of the circuit court of Muskegon county to answer to an information there filed against him charging an act of gross indecency, thereby forfeiting his recognizance on which plaintiff was a surety. As a result the recognizance was estreated and plaintiff compelled, in liquidation of his obligation thereunder, to pay into the public treasury the sum of $500, which expenditure he now seeks to recover in this attachment proceeding. Under a writ of attachment sworn out by plaintiff, on February 20, 1911, the sheriff seized some land located in said county which it was understood Swenningston owned and which was found standing on the records in his name. The cause progressed to judgment by default, followed by an execution and levy upon said land and a sale of the same under said execution. Almon B. Lee, one of appellants, is not a party to the action, but figures in the case as a petitioner asking leave to intervene and move the court to vacate the attachment proceedings on various grounds, claiming to be the owner of

the land attached, having in good faith purchased the same from Swenningston on September 29, 1910, and received a deed therefor, which deed, however, was not recorded until July 28, 1911. About the time Lee filed his petition, a motion was also made in the name of defendant Swenningston, through his attorney, asking the court to quash the writ and set aside the judgment on the ground that the court never obtained jurisdiction to render the same. The motion seems to have been amended, but the printed record does not clearly disclose the date of its original filing nor of Lee's petition. An affidavit in support of the motion, which we infer from the record as the two were argued together was in support of both, made by one counsel who represented both parties, bears date August 20, 1912, and was filed two days later.

It was, and now is, the contention of plaintiff that neither of the appellants is entitled to be heard, for the reason that Lee is a third person, not a party to the action, and as such has no right to intervene, and that Swenningston, being a fugitive from justice in the court to which he now appeals, stands in contempt and cannot be recognized. The trial court denied petitioner Lee's motion for leave to intervene, and states in the record that before the argument of defendant's motion plaintiff objected to his being heard for various reasons stated, filing an affidavit in support of the objection, concluding, "However, I decided the motion on the merits as above." Prior to submission of the matter to the court, a stipulation had been entered into between counsel, by which it was agreed that, in consideration of plaintiff extending the time to redeem the land from execution sale until 30 days after final disposition of the motions, appellants would not file any further or different motions in said cause, and would confine their objections to the two propositions that the judgment was void because the affidavit for attachment was defec-

tive and no inventory and appraisal of the land were shown by the sheriff's return. Those questions the trial court considered and decided in plaintiff's favor, denying defendant's motion. Appellants have removed the proceedings to this court for review on a writ of error, and their counsel now contends that, under the stipulation filed in the court below, the only questions for consideration here are their two objections heretofore mentioned. We do not so construe the stipulation. The only concessions made by plaintiff, except the recited facts, are extension of time to redeem and full privilege of either party to appeal by any remedy available. The stipulation concludes:

"It being the intent of this stipulation that either party hereto may exhaust all his remedies by appeal in any form he may wish to proceed, and that the said Almon B. Lee may have 30 days after decision of the final appeal in which to redeem from said sale heretofore made by the sheriff, if it should be held that the lien established by the said lien was a valid one, but it is further understood that it is admitted by the said Almon B. Lee and the said defendant that all proceedings after judgment are legal and valid and will not be questioned. In signing this stipulation, plaintiff does not waive any defense he may have to said motion or the filing of it except as herein stated."

The trial court correctly denied Lee's motion for leave to intervene. Whatever the rule may be in other jurisdictions having different rules of practice or enabling statutes, it is the rule in this State that a third person not a party to the action cannot directly intervene to establish ownership of property levied upon by execution.

"At common law, a third person cannot intervene and claim property levied on, and there is no statute in this State authorizing such procedure." 2 Green's Michigan Practice (Nichols' Ed.), p. 1106.

In *Gott* v. *Hoschna*, 57 Mich. 417 (24 N. W. 123), where the assignee of an insolvent sought to protect

the property by a bill to set aside an attachment levied on lands of the debtor, this court said:

"The statute which forbids attachment levies, points out no way whereby the assignee can move in the attachment suit to dissolve the attachment; and, in the absence of such provision, a third party cannot intervene in a common-law action. Neither could the assignee avail himself of the special proceeding to dissolve attachments before circuit court commissioners or judges at chambers, under section 8026 of Howell's compilation. The right to make such application is confined to a defendant; and he must be entitled to a return of the property."

The trial court could have also rightfully denied defendant Swenningston's motion without consideration of the two questions referred to.

As to plaintiff's claim of contempt, it may well be regarded as a serious question whether one who has defaulted his recognizance and fled from a criminal prosecution, in violation of his obligation to appear, can, while a refugee from justice out of the jurisdiction of the court, demand, from afar, through counsel, a hearing before such court upon the question of a substituted service which was occasioned by his flight. It is true the contempt was in a criminal prosecution and this is a civil action; but the latter arose from the former. His bondsman in the one is seeking in the other to recover what defendant's contempt compelled him to pay.

Beyond this, defendant claims to have sold this property and parted with all title to it before he absconded. He is therefore not the owner of the land, is not entitled to possession of it, and has no interest in it. This action, with substituted service by publication and judgment by default, is essentially a proceeding *in rem* and only reaches the property attached. The judgment is not against defendant as on personal service, and final execution can only be levied on the property seized. Drake on Attachment

(7th Ed.), § 5; 3 Comp. Laws, § 10577; *Bliss* v. *Tyler*, 159 Mich. 502 (124 N. W. 560). The attachment levy did not affect the previous possession, use, or enjoyment of the land. He having sold the same before this action was begun, its title and ownership are matters between defendant's grantee and plaintiff to be litigated in independent, appropriate proceedings between themselves, in which both are parties to the record.

The action of the trial court in denying said motions is affirmed.

MOORE, MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.