CHASE *v.* WASHTENAW CIRCUIT JUDGE.

PARTIES—INTERVENERS—ATTACHMENT—STATUTES—MANDAMUS.
Under 3 Comp. Laws 1915, § 12362, plaintiff may not be permitted to intervene for the sole purpose of moving a dissolution of attachment against her property, since that would not be "in subordination to and in recognition of the propriety of the main proceeding," required by the statute as a condition of intervention.

Mandamus by Elizabeth Chase to compel George W. Sample, circuit judge of Washtenaw county, to vacate an order denying a petition to intervene. Submitted April 12, 1921. (Calendar No. 29,524.) Writ denied June 6, 1921.

*Arthur Brown* (*E. R. Sunderland,* of counsel), for plaintiff.

*Frank B. De Vine* and *A. F. Freeman,* for defendant.

WIEST, J.   Claiming to be the owner in fee simple of certain real estate upon which an attachment has been levied in the suit of Amariah F. Freeman *v.* Homer C. and May Miller pending in the circuit court for the county of Washtenaw, Elizabeth Chase petitioned that court for leave to intervene and file a motion to vacate the attachment and dismiss the action in so far as it subjects her property to the attachment. The circuit judge refused to grant her leave to intervene for such purpose and she now asks this court for writ of mandamus to compel him to let her intervene and make motion to quash the writ of attachment and free her property.   Plaintiff claims the right to intervene under the statute, 3 Comp. Laws 1915, § 12362, which provides:

"In an action either at law, or in equity, anyone claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

Plaintiff insists that this statute gives her a right to intervene for the purpose of asserting her title to the attached real estate upon motion to vacate the attachment.   Under the common law no right to intervene existed.   And none existed prior to the adoption of the statute in 1915.   *Peterson* v. *Swenningston,* 178 Mich. 294.   Under the statute any person claiming an interest in the litigation may be permitted to intervene for the purpose of asserting rights; plaintiff, however, does not assert any interest in the litigation and only seeks to free her property from a claimed wrongful attachment by invoking an issue to that end and not to enter the suit to be heard upon the question of the right of plaintiff therein to recover or the measure of his recovery.

Plaintiff cannot be permitted to intervene for the sole purpose of moving for a dissolution of the attachment.   *Sidebottom* v. *Calhoun Circuit Judge,* 202 Mich. 116.   In that case it was held that one may not intervene for the purpose of moving a dissolution of the attachment proceedings, because that would not be "in subordination to and in recognition of the propriety of the main proceeding."

The writ prayed for is denied with costs to Amariah F. Freeman, plaintiff in the principal case.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.