STRATFORD ARMS HOTEL CO. *v.* GENERAL CASUALTY &
SURETY CO.

1. PRINCIPAL AND SURETY—CONSTRUCTION OF SURETY BOND.
   Generally, the language of a bond should receive that con-
   struction most reasonable to effectuate the intention of the
   parties, in view of all of the circumstances of the case and
   the purpose and object of the bond.

2. INTERVENTION—NO RIGHT OF INTERVENTION UNDER COMMON LAW.
   Under common law no right of intervention existed, and such
   right did not exist in this State prior to adoption of 3 Comp.
   Laws 1915, § 12362.

3. PRINCIPAL AND SURETY—OBLIGATION MUST BE BINDING ON PRIN-
   CIPAL TO RENDER SURETY LIABLE.
   There can be no surety without a principal, and obligation of
   principal for which surety is secondarily or collaterally liable
   must be a valid and binding obligation of principal.

4. INTERVENTION—PRINCIPAL ALLOWED TO INTERVENE IN SUIT
   AGAINST SURETY.
   It is peculiarly proper, in cases where suit is brought directly
   against the surety on a bond, that the principal, as the real
   party in interest, be permitted to intervene, especially in
   view of the statute (3 Comp. Laws 1915, § 12353) providing
   that every action be prosecuted in the name of the real party
   in interest.

5. SAME—RECOUPMENT—PRINCIPAL INTERVENING IN SUIT AGAINST
   SURETY MAY RECOUP DAMAGES.
   Although intervention must be in subordination to and in
   recognition of main proceeding, one permitted to intervene
   as party defendant is party to the litigation, is interested
   in its proper disposition, and has right to give notice of
   recoupment and to have judgment therefor if entitled thereto
   on the proof, and to be heard in Supreme Court on review
   of said judgment.

6. SAME—OBJECT OF STATUTE PERMITTING RECOUPMENT SUBSTANTIALLY SAME AS STATUTE PERMITTING INTERVENTION.

The object of the statute permitting recoupment is to reduce litigation, save a multiplicity of suits, conserve time, money, and property from the hazard and uncertainty of trials, and the object of the statute permitting intervention is substantially the same, in permitting to be brought before the court the parties in interest in litigation.

7. APPEAL AND ERROR—REQUESTING DIRECTED VERDICT.

Where both parties request directed verdict, neither may claim, on review, that there was question of fact for the jury.

Error to Wayne; Shepherd (Frank), J., presiding. Submitted January 14, 1930. (Docket No. 90, Calendar No. 34,686.) Decided March 6, 1930. Rehearing denied April 24, 1930.

Assumpsit by Stratford Arms Hotel Company, a Michigan corporation, and others against the General Casualty & Surety Company, a corporation, on an appeal bond. Arthur V. Lee was allowed to intervene as principal on the bond, as defendant, and filed plea in recoupment. From judgment for defendants on directed verdict and judgment for defendant Lee on recoupment, plaintiffs bring error. Affirmed.

*Douglas, Barbour & Wing* (*Harold B. Dusenbera.* of counsel), for plaintiffs.

*Wilkinson, Lowther, Wilkinson & O'Connell,* for defendant Casualty Company.

*Ralph E. Routier* and *James K. Nichols,* for. de fendant Lee.

POTTER, J. Plaintiffs sued the defendant, General Casualty & Surety Company, a corporation, on the appeal bond given in *Lee* v. *Stratford Arms Hotel*

*Co.*, 236 Mich. 520, to recover damages for the alleged breach of condition thereof. The bond provided:

"The condition of this obligation is such that if the above bounden Arthur V. Lee shall diligently prosecute his said appeal to effect and shall perform and satisfy such decree or order as the supreme court shall make in said cause and shall pay all costs to the said Stratford Arms Hotel Company, Paul L. Kamper, and Louis Kamper therein that the said supreme court shall award to be paid by him, the said Arthur V. Lee, and in the event of the affirmance of the decree of the lower court, the plaintiff, Arthur V. Lee, shall pay at once to the defendants entitled thereto, all the rents collected by him not legally and properly disbursed and shall pay all damages resulting from negligence during the time he occupied it (the said Stratford Arms Hotel Building) from the date of the decree—and that it is intended to describe 'negligence' as a failure to collect rents and the failing to lease any part of the building as well as any other negligence in its care or management—

"Then this obligation shall be void, otherwise to remain in full force and effect."

At the conclusion of the testimony attorneys for the plaintiffs and defendant moved for a directed verdict. The court directed a verdict of no cause of action as to the defendant General Casualty & Surety Company; of no cause of action as to Paul L. Kamper and Louis Kamper; a verdict in favor of Arthur V. Lee, intervening defendant, against the Stratford Arms Hotel Company for $9,652.83. The case is here on error and by appropriate assignments, various questions are raised, hereinafter discussed.

Appellants discuss at length the proper construction to be placed on the language of the condition of the bond, above quoted. There is no question as to the general rule that the language of the bond should receive that construction most reasonable to effectuate the intention of the parties, in view of all the circumstances of the case and the purpose and object of the bond. At the time the bond was given, the intervening defendant, Lee, was in possession of the Stratford Arms Hotel under a lease. He was taking an appeal to the Supreme Court in *Lee* v. *Stratford Arms Hotel Co., supra.* The bond contemplated he should continue to occupy the hotel in the usual and ordinary manner. He was to continue to operate the hotel. He was to be liable under the bond in case he negligently failed to operate and in case he negligently failed to rent the rooms in the hotel when he had an opportunity so to do. There is no proof in the case he failed to lease the premises for occupancy whenever he had an opportunity to lease the same. He was not bound to do the impossible. In order to lease the rooms or apartments it was necessary that persons apply for or consent to take the same. There is no proof he negligently failed to collect rentals from persons who occupied the premises. There is some proof the rooms and apartments in the hotel were not fully occupied all the time and proof there was much competition in the hotel business in the city of Detroit during the time the intervening defendant occupied the Stratford Arms Hotel. There is no proof the intervening defendant did not pay over and account for all of the rents, issues, and profits of the hotel which came into his possession, not legally and properly disbursed by him.

The lease under which the intervening defendant was in possession provided, among other things:

"As rental for the said hotel building the lessee shall pay to the lessor the entire net income derived from the operation by him of the same after the deduction of ten per cent. of the gross income after deduction of all of the fixed charges hereinafter mentioned, which said ten per cent. of the gross income, after deduction of such fixed charges, may be retained by the lessee as compensation for his serv-- ices in connection with the supervision and management of the premises, provided, however, that such compensation to be so retained and paid to the lessee shall not exceed five thousand ($5,000) dollars per year."

The intervening defendant sought to recover in this case the amount which he claimed to be due to him under the provisions of the lease, as compensation for his services in connection with the super-- vision and management of the hotel during the period of his occupancy, together with interest thereon, plus certain costs growing out of the case of *Lee* v. *Stratford Arms Hotel Co.,* referred to.

There is no question about the accuracy of the computation, nor is any question raised but that the intervening defendant's right to recover the damages for which judgment was rendered in his favor was properly alleged in his notice of recoupment and supported by the testimony introduced.

Appellant contends it sued the surety upon the bond; that the intervening defendant Lee ought not to have been permitted to intervene upon his own motion; and that the court was in error in permitting him to intervene. Under the common law no right of intervention existed. *Chase* v. *Washtenaw Circuit Judge,* 214 Mich. 288. Intervention was borrowed from the civil law. 33 C. J. p. 476. Such right did not exist in this State prior to the adoption of the statute of 1915. *Peterson* v. *Swenningston,*

178 Mich. 294; *Chase* v. *Washtenaw Circuit Judge, supra.*   The statute, 3 Comp. Laws 1915, § 12362, provides:

"In an action either at law, or in equity, anyone claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

In *Weatherby* v. *Kent Circuit Judge,* 194 Mich. 46, suit was brought against the surety on a bond. Upon the principal's application he was permitted to intervene. Mandamus was brought to set aside the order of the circuit judge permitting such intervention. This court said:

"The question is, Should he be given the opportunity to defend an action in which he has a clear legal interest, having obligated himself to pay whatever judgment is rendered against him to the defendant?  *  *  *   the proposed intervener, has a direct interest in the subject involved in this suit and in any judgment that may be rendered,  *  *  *. *  *  *   it is the design of the provision of the judicature act under discussion to prevent a multiplicity of suits, we are of the opinion that the trial judge acted properly in granting the prayer of the petition and in permitting intervention."

There can be no surety without a principal. The obligation of the principal for which the surety is secondarily or collaterally liable must be a valid and binding obligation of the principal. 32 Cyc. p. 23.

"There is always at the least an implied contract between the parties which obliges a principal to reimburse his surety when the latter has paid the debt; he then becomes a creditor of the principal, and, the debt having matured and being due, is entitled to recover from the latter the amount so paid, even

though the creditor was not bound to respect the suretyship; nor are the rights of sureties against their principal affected by any private arrangement among themselves for the distribution of the liability, or by the particular manner in which the relation arose.'' 32 Cyc. p. 250.

It is peculiarly proper, therefore, in cases where suit is brought directly against the surety on a bond, that the principal, as the real party in interest, should be permitted to intervene and participate in the proceedings, especially in view of the statute which provides that every action should be prosecuted in the name of the real party in interest. 3 Comp. Laws 1915, § 12353.

In a suit brought by the trustee in bankruptcy of a contractor against a school district to recover from it the amount due such contractor, the surety on the contractor's bond was held entitled to intervene, it having a direct financial interest in the outcome of the litigation. *McMillan* v. *School District,* 200 Mich. 280. We think the intervener was properly admitted to defend. He not only claimed to have, but according to the decision of the trial court, did have, such an interest in the litigation as to be entitled to assert his rights in this proceeding.

It is claimed that, because his intervention must be in subordination to and in recognition of the propriety of the main proceeding, he had no right to proceed to an affirmative judgment against plaintiffs under his notice of recoupment. After defendant Lee was permitted to intervene, he was a party to the litigation, interested in its proper disposition, and had a right to give notice of recoupment, introduce proof to sustain the damages alleged to have been suffered by him, and to have judgment therefor, if entitled thereto, on the proof, to follow the

case here and be heard prior to the judgment of this court.

In *Van Hoene* v. *Barber,* 215 Mich. 538, intervention was had in a suit in equity. Subsequently the case was transferred to the law side of the court, in pursuance of the statute, 3 Comp. Laws 1915, § 12351, on an application joined in by the intervener. It was there said:

"It is urged that the transfer should be made only upon the application of the plaintiff. This contention overlooks the fact that when a defendant is a party to a litigation he is just as much interested in having it finally decided as is the plaintiff. The contention also overlooks the interest the public has in having its courts freed from the necessity and expense of two or more lawsuits, when one will answer every purpose. The language of the statute is broad enough to safeguard the rights of all parties interested in the litigation. The language is clear, explicit and unambiguous and should be given effect. *Lake Superior Brass Foundry Co.* v. *Houghton Circuit Judge,* 209 Mich. 380; *Courtney* v. *Youngs,* 202 Mich. 384."

The object of the statute permitting recoupment is to reduce litigation, save a multiplicity of suits, conserve time, money, and property from the hazard and uncertainty of trials, and the object of the statute permitting intervention is substantially the same, in permitting to be brought before the court the parties in interest in litigation.

In this case both parties moved for a directed verdict at the conclusion of the testimony, and the trial court directed a verdict as hereinbefore stated. In *Bank of Saginaw* v. *Railway Co.,* 235 Mich. 399, it is said:

"Counsel for the plaintiff contends that the court was in error in holding, as a matter of law, that the

plaintiff was 'chargeable with knowledge or notice of the presence of the letters "SLC" upon the bill, limiting the liability of the defendant company.' If there were any merit to this contention it is now of no avail to the plaintiff, because he asks for a directed verdict. Both parties requested the court to direct a verdict and neither can now claim that there was question of fact for the jury."

In *Hemphill* v. *Orloff*, 238 Mich. 508 (58 A. L. R. 507), it is said:

"Both parties asked without reservation for a directed verdict. Defendant's counsel insist that this amounted to a request that the trial court find the facts. We recognize this as being the rule in the Federal courts, but it is not the rule of this court. Both parties having asked for a directed verdict in the court below, neither may insist here that the case should have gone to the jury. The rule of this court is thus tersely stated by Mr. Justice CLARK in *Hannan Real Estate Exchange* v. *Davis*, 238 Mich. 257:

" 'If the court's decision, both parties having requested directed verdict, is right in law and supported by substantial evidence, the judgment must be affirmed.' "

We think the decision of the trial court was right in law and supported by substantial evidence. The judgment of the trial court is therefore affirmed, with costs.

CLARK, SHARPE, NORTH, and FEAD, JJ., concurred. WIEST, C. J., and BUTZEL, J., concurred in the result. McDONALD, J., did not sit.