GAUSS *v.* CENTRAL WEST CASUALTY CO.

1. PARTIES—INTERVENERS—STATUTES.

Right of intervention is provided for by statute in this State (3 Comp. Laws 1929, § 14019).

2. INSURANCE—JURISDICTION—SURETY COMPANY—INTERVENERS.

Petitioners to intervene must concede jurisdiction of court in main proceeding to enter order placing conduct of business of surety company in hands of commissioner of insurance (3 Comp. Laws 1929, § 14019).

3. SAME—INTERVENERS—JUDGMENT CREDITORS.

Judgment creditors of surety company in financial difficulties have a direct interest in its assets taken over by commissioner of insurance under proceedings had pursuant to 3 Comp. Laws 1929, § 12263 *et seq.*, and are entitled to intervene in subordination to and in recognition of the propriety of first petition in such proceeding (3 Comp. Laws 1929, § 14019).

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 11, 1934. (Docket No. 49, Calendar No. 37,511.) Decided March 6, 1934.

Receivership proceedings by Charles E. Gauss, commissioner of insurance, against Central West Casualty Company, a Michigan corporation. On petition of County of Oakland and John C. Spaulding and Irvin Long, receivers, to intervene and to make Great Lakes Casualty Company a defendant. Petition denied. Petitioners appeal. Reversed, and remanded.

*Patrick H. O'Brien,* Attorney General, and *Charles F. Cummins,* Assistant Attorney General (*Walter I. McKenzie,* of counsel), for plaintiff.

*Albert E. Meder* (*Beaumont, Smith & Harris,* of counsel), for defendant.

*Arthur P. Bogue,* Prosecuting Attorney, and *Robert D. Heitsch,* Assistant Prosecuting Attorney, for petitioner County of Oakland.

*Goodenough, Voorhies, Long & Ryan,* for petitioners John C. Spaulding and Irvin Long, receivers.

NELSON SHARPE, C. J. Part 1, chapter 3 of Act No. 256, Pub. Acts 1917, known as the "Insurance Code" (3 Comp. Laws 1929, § 12263 *et seq.*), provides for the "liquidation and dissolution of domestic insurance companies."

On April 4, 1933, the plaintiff, commissioner of insurance, pursuant to the provisions of said law, filed a bill of complaint in the circuit court for the county of Wayne, setting forth that the Central West Casualty Company was a domestic corporation, organized "to write fidelity and surety and casualty insurance;" that at his instance an examiner of his department had been examining the books, records and files of the corporation, and that he was "informed by said examiner, which information he believes to be true, that said defendant company is in such condition that its further transaction of business will be hazardous to its policyholders, to its creditors and to the public;" that the corporation, by its board of directors, had authorized its officers to continue efforts to reinsure the casualty business of the company, and that, if their efforts were not successful, the plaintiff should be so informed, and that the corporation would cooperate with him in any action he desired to take, including its consent to any order under which he could take

possession of its property and conduct its business; that the corporation had written a large amount of surety bonds, and that, in case it was held liable on any great proportion of them, "it would be unable to assimilate the loss and would not be able to meet its obligations;" that many of its policies have been cancelled and a return of the unearned premiums insisted on, and, for a proper protection of its policyholders, it was necessary that the assets be conserved and preference avoided; that, while the corporation was then able to meet its obligations, the liabilities which may accrue "may be insurmountable," and for that reason he believed it necessary "that he take charge of the affairs of said defendant company to conserve its assets for the protection of its policyholders, creditors and the public, until defendant company's liabilities on its surety business is determined, or until further order of the court."

In his prayer for relief he asked for an order that he take possession of the property and assets of the corporation and conduct its business until the further order of the court, and that the corporation be restrained from collecting any moneys or transacting any business or disposing of its property until the further order of the court.

The defendant, by its attorney, appeared and consented to an order, which was entered on the same day, appointing the plaintiff custodian of the corporation, authorizing him to take possession of all of its assets and restraining it from collecting any moneys due it, and "from transacting its business or disposing of its property until the further order of the court."

Three days later, on April 7th, the plaintiff filed a petition, setting forth that the above order "apparently failed to give him all the power now deemed

necessary for a proper administration of its affairs, and because said order in form, at least, did not protect the assets of said company from depletion by execution, garnishment, replevin or other civil process," and praying that a supplemental order be entered giving him additional authority "to deal with the property and business of said corporation, in the name of said corporation," with all the "power and authority" provided for in the sections of the statute above referred to.

Pursuant thereto, and by consent of the defendant, an order was entered on the same day affirming the provisions of the former order and, among other provisions, specifically stating that the authorization should include—"The power to deal with the property and business of such corporation, in the name of the corporation; and be vested by operation of law, with title to all the property, contracts and rights of action of such corporation, as of April 4, 1933."

Some time later, on June 17th, the plaintiff presented another petition to the court, attaching thereto as exhibits a plan for the organization, out of certain of the assets of the defendant company, of an insurance company to be known as "Great Lakes Casualty Company," the entire stock of which, except qualifying shares, to be issued to the plaintiff and held by him as custodian for the defendant, and also a proposed agreement for the carrying out of the same.

On the same day the court entered an order approving the plan and authorizing the plaintiff to execute the agreement and, in the statement of "proceedings and facts" in the record, it is said that the transfers had been made as provided for therein.

On August 30, 1933, the county of Oakland and Long and Spaulding, receivers, filed a petition in said cause, asking for leave to intervene, alleging that they had recovered a judgment against the defendant company in the circuit court for that county for the sum of $55,312.33, which is unpaid; that the transfer of the assets of the defendant, made pursuant to the orders so entered, was fraudulent and void under 3 Comp. Laws 1929, §§ 13395, 13398, and was intended .to hinder and delay the petitioners and other creditors of the defendant, and that the Great Lakes Casualty Company was not a *bona fide* purchaser thereof. They also asked that this company be made a party to the cause, and that a summons for that purpose be served on it.

The plaintiff and the defendant filed a joint answer thereto, denying the legal effect of the allegations therein. The trial court entered an order denying the petitioners the right to intervene, from which they have taken this appeal.

The right of intervention, in this State, is provided for by statute. Section 14019, 3 Comp. Laws 1929, reads, in part, as follows:

"In an action either at law, or in equity, anyone claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

The "main proceeding" in this case was the filing of the bill of complaint and the order made pursuant thereto. To entitle the petitioners to intervene, they must concede that the court had jurisdiction under the bill of complaint filed to enter the order then made, and that their interest in the proceeding was subordinate thereto. *Livingston* v. *Southern Surety*

*Co. of New York,* 262 Mich. 438. Acting under this order, the plaintiff has taken possession of all of the assets of the defendant corporation, thus rendering the petitioners powerless to enforce payment of their judgment. As creditors they have a direct interest in such assets, and in any disposition that may be made of them.

With the merits of any attack which they may make upon the subsequent orders or proceedings taken pursuant thereto, we are not here concerned, although they are discussed in the briefs and were considered by the trial court. As we view it, the only question presented is whether the receivers as creditors are entitled to intervene. In our opinion they are, but their intervention will be in subordination to the propriety of the petition first filed and the order made thereon.

The order denying intervention is reversed and set aside and the cause remanded, with directions to the trial court to grant the same and to include in the order therefor a provision making the Great Lakes Casualty Company a party defendant and for service of process upon it. As the matter is one of public interest, no costs will be allowed.

Potter, North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.