SMITH v. TOWNSHIP OF NORTON.

1. QUO WARRANTO—ELECTIONS—PARTIES.

In quo warranto proceedings to test the validity of an election to incorporate part of township territory as a fifth-class city, the township was a necessary party since the township as a whole had an interest in the issue raised and statute required that a proceeding for such purpose be filed against the municipality wherein alleged election fraud or error was committed (3. Comp. Laws 1929, § 15299).

2. SAME—ELECTIONS—PARTIES—INTERVENTION.

Notwithstanding fact that all proper or necessary parties to quo warranto proceeding to test validity of election as to incorporation of a fifth-class city may not have been made parties, such proceedings should not have been dismissed on specially appearing intervener's motion to dismiss since (1) plaintiff taxpayer and others like situated were entitled to have an adjudication on questions raised, (2) new parties could be added, and (3) intervention is in subordination to, and in recognition of, the propriety of the principal suit (3 Comp. Laws 1929, §§ 14019, 14021, 15298, 15299).

3. PARTIES—COMMON LAW—INTERVENTION—STATUTES.

Under the common law no right to intervene existed and none existed in this State prior to the judicature act of 1915 (3 Comp. Laws 1929, § 14019).

4. SAME—INTERVENTION—MOTION TO DISMISS.

An intervener who has been given leave to intervene and allowed to answer the plaintiff could not thereafter appear specially and move to dismiss the main case since intervention is in subordination to, and in recognition of, the propriety of the main proceeding and the statute permitting intervention does not give an intervener such right (3 Comp. Laws 1929, § 14019).

5. SAME—INTERVENTION.
   An intervener cannot ask affirmative relief and in the same breath attempt to repudiate the power of the court to proceed with the cause upon which the intervention rests (3 Comp. Laws 1929, § 14019).

6. SAME—POWERS OF AN INTERVENER.
   While an intervener may introduce testimony and be heard, he must take the case as he finds it and cannot question the propriety of the proceedings, raise new issues in the suit, insist upon a change in the form of the proceedings nor exercise any rights which are limited to the parties to the action (3 Comp. Laws 1929, § 14019).

7. SAME—INTERVENTION—MOTION TO DISMISS—ANSWER.
   Circuit court's order granting a specially-appearing intervener's motion to dismiss main proceeding for lack of necessary parties, is reversed and intervener permitted to answer, since an intervener may not question the propriety of the proceedings in which he has intervened (3 Comp. Laws 1929, § 14019).

8. COSTS—PUBLIC QUESTION—QUO WARRANTO—ELECTIONS.
   No costs are awarded on appeal in quo warranto proceedings to determine validity of an election on question of incorporation of township territory as a fifth-class city, a public question being involved.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted October 10, 1947. (Docket No. 54, Calendar No. 43,701.) Decided December 3, 1947.

Quo Warranto by Victor Smith against Township of Norton to test validity of an election. Leon Lambert intervened. Case dismissed on motion of intervener. Plaintiff appeals. Reversed and remanded.

*George D. Stribley,* for plaintiff.

*Harold H. Smedley,* for intervening defendant.

NORTH, J. This is a quo warranto proceeding in which Leon Lambert, who had permission of the court to intervene, entered a special appearance and moved "to dismiss said quo warranto proceedings."

The motion was granted; and plaintiff, leave having been obtained, has appealed. The issue presented by the appeal is this: May a defendant who under the statute has been permitted to intervene thereafter enter a special appearance and move the court to dismiss the main proceedings?

On June 18, 1946, a general primary election day, the electors residing in section 1 of Norton township, Muskegon county, voted upon the following proposition:

"Shall the following territory be incorporated as a fifth class city: All of section 1 in the township of Norton, county of Muskegon, State of Michigan."

The result of the election on the above issue was 222 votes in favor of incorporation of the city of Roosevelt Park, and 172 against incorporation. Thus on the face of the canvassed vote the issue was decided in favor of incorporation by a majority of 50 votes. At the same time nine charter commissioners were elected, of whom the intervening defendant, Leon Lambert, was one.

On July 17, 1946, Victor Smith, a qualified elector residing in section 1, having first obtained permission of the circuit court so to do (see 3 Comp. Laws 1929, §§ 15298, 15299 [Stat. Ann. §§ 27.2342, 27.2343]), instituted quo warranto proceedings in which, among other things, he alleged that "141 ballots on the proposition for incorporation [of?] section 1 as a fifth class city were cast illegally, and the said election on the proposition is therefore void." In his affidavit in support of his petition for leave to institute quo warranto proceedings plaintiff asserted invalidity of the election:

"Because approximately 141 persons, not registered qualified electors of section 1 of the township of Norton, Muskegon county, Michigan, were per-

mitted to vote and cast ballots on the proposition for incorporation of section 1, as a fifth class city, contrary to the statutes and Constitution of the State of Michigan,' and illegally.''

In this quo warranto proceedings the township of Norton, which presumably like plaintiff Smith opposed the incorporation, was made the sole defendant. It was a necessary party because the township as a whole had an interest in the issue raised in the quo warranto proceedings, and further in the statute about to be noted it is provided: ''Such petition shall be filed against the municipality wherein such fraud or error (in the election) is alleged to have been committed.''

In his petition to intervene, Lambert alleged that he was a resident of and a taxpayer in section 1 of Norton township and that at the election he was elected as one of the charter commissioners of the city of Roosevelt Park, that he desired to intervene to protect his rights and the rights of other charter commissioners and residents of section 1. The prayer of his petition was that his intervention be permitted ''and that he be allowed *to answer* the plaintiff therein.'' The order allowing intervention provided that Lambert should file his answer as intervening defendant within 15 days. But instead of filing an answer Lambert entered a special appearance and made a motion to dismiss the original quo warranto proceedings ''for the reason that the said township of Norton is not the only proper party defendant against whom said procedure can or will determine the validity, irregularity or illegality of the election;'' and further, that the petition failed to comply with the statute (3 Comp. Laws 1929, § 15299 [Stat. Ann. § 27.2343]), which ''provides that such petition shall be filed against the municipality wherein such fraud or error is alleged to have

been committed, and the proceedings in this instance should have included the new municipality incorporated by the election.''

In short the gist of Lambert's motion to dismiss was that all the proper or necessary parties were not before the court. Even if it were conceded that his contention in the above respect was correct, nonetheless the proceedings should not have been dismissed.

''No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require.'' 3 Comp. Laws 1929, § 14021 (Stat. Ann. § 27.665).

The ends of justice in the instant case required that Victor Smith, plaintiff in the quo warranto proceedings, and others like situated, have an opportunity to have the validity of the election to which we have already referred adjudicated. But Lambert's motion to dismiss should not have been granted because the law provides that as an intervening defendant he was required to intervene in subordination to, and in recognition of, the propriety of the principal suit.

''Under the common law no right to intervene existed. And none existed prior to the adoption of the statute (judicature act*) in 1915.'' *Chase* v. *Washtenaw Circuit Judge,* 214 Mich. 288.

''In an action either at law, or in equity, anyone claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main

---

* Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1929, § 13522 *et seq.* [Stat. Ann. § 27.1 *et seq.*]).—Reporter.

proceeding." 3 Comp. Laws 1929, § 14019 (Stat. Ann. § 27.663).

No case has been called to our attention wherein one who has been given leave to intervene under like statutory provisions has been permitted to enter a special appearance for the sole purpose of making a motion to dismiss the main case. It seems too clear for argument that such a proceeding would not be an intervention "in subordination to, and in recognition of, the propriety of the main proceeding." As above noted, Lambert's petition to intervene was "that he be allowed *to answer* the plaintiff" in the quo warranto proceedings, and the order permitting intervention provided for such answer by the intervening defendant within 15 days. Lambert was not given permission to make a motion to dismiss the main case; nor do we think under the statute he could have been given such permission as an intervening defendant.

Shortly after the enactment of the Michigan intervention statute an interesting and an informative decision was rendered by this Court in *Weatherby* v. *Kent Circuit Judge,* 194 Mich. 46. 'It was noted therein that our statute in effect applies the practice which prevailed under a cited Federal equity rule under which the principle of intervention was well established, "but (there) was incorporated in the rules as a specific warning that one cannot, by intervening, ask affirmative relief and in the same breath attempt to repudiate the power of the court to proceed with the cause upon which the intervention rests." The *Weatherby* opinion also quotes with approval from volume 11, Encyclopedia of Pleading & Practice, pp. 509, 510, the following:

"An intervener in a suit between other parties must accept such suit as he finds it, and is bound by

the record of the case at the time of his intervention. He cannot raise an issue as to whether the proceedings are regular, nor can he plead exceptions having for their object the dismissal of the action. He cannot raise new issues in the suit, nor insist upon a change in the form of the proceedings. An intervener cannot exercise any rights which are limited to the parties to the action.''

In accord with the foregoing we have held: ''In the case of intervention, the intervener    *    *    * may introduce testimony and be heard; he must, of course, take the case as he finds it, and cannot question the propriety of the proceedings.'' *City of Grand Rapids* v. *Consumers Power Co.*, 216 Mich. 409, 415. In this field of the law and of the same purport, see *Sidebottom* v. *Calhoun Circuit Judge,* 202 Mich. 116; *Michigan Trust Co.* v. *National Bank of Ionia,* 241 Mich. 146; *Livingston* v. *Southern Surety Co.*, 262 Mich. 438; and *Gauss* v. *Central West Casualty Co.*, 266 Mich. 159.

The order of the circuit court dismissing the quo warranto proceedings on motion of an intervening defendant is vacated, and the case remanded to the circuit court with permission to the intervening defendant to answer, and thereafter for further proceedings in the quo warranto case. A question of public interest being involved no costs will be awarded on this appeal.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.