ROCKWOOD *v.* TOWNSHIP OF SALEM.

1. INJUNCTION—PARTIES—STIPULATIONS—INTERVENTION.
Determination by trial court of appellants' motion to dismiss and denial thereof on the merits constitutes a recognition of their right to participate as parties in injunction proceedings as if they had been joined initially as original defendants, notwithstanding trial court's prior refusal to proceed with the hearing until an order had been prepared for his signature by which the stipulation of plaintiffs and the original defendants pursuant to which appellants had been joined as parties was construed as a stipulation for intervention "in subordination to, and in recognition of, the propriety of the main proceeding" (CL 1948, § 612.11).

2. SAME—PARTIES—GUN CLUB—ZONING—AGRICULTURAL DISTRICT.
Gun club, a voluntary, unincorporated, nonprofit association, and its affiliate land-owning corporation were necessary parties and should have been joined initially as original defendants by plaintiff township residents in suit against township and its building inspector to enjoin issuance of any building or use permit to the gun club or any of its affiliates and to have declared void all proceedings of the township's board of zoning appeals relative to discretionary approval of use by gun club in zone limited to agricultural uses, since the gun club and its affiliate were directly affected in the use to which they could put their property.

3. JUDGMENT—CONSENT DECREE—PARTIES.
Appellant gun club, a voluntary, unincorporated, nonprofit association, and appellant affiliated land-owning corporation, who were necessary parties to suit to enjoin use of their lands as gun club, were entitled to evidentiary hear-

REFERENCES FOR POINTS IN HEADNOTES
[1]  39 Am Jur, Parties § 55 *et seq.*
[2]  39 Am Jur, Parties § 34 *et seq.*
[3]  4 Am Jur 2d, Appeal and Error § 242 *et seq.*

ing on the merits, notwithstanding consent decree entered on stipulation between plaintiffs and the township and its building inspector, where appellants had not consented to such decree that had declared void the approval of use of appellants' land as a gun club.

Appeal from Washtenaw; Breakey, Jr. (James R.), J. Submitted May 8, 1964. (Calendar No. 81, Docket No. 50,127.) Decided July 8, 1964.

Bill by Oscar J. Rockwood and other property owners against the Township of Salem and Francis Hugg, its building inspector, to restrain issuance of building permit and to declare void action of the township zoning board of appeals. Wayne Conservation Land Co., a Michigan corporation, and Western Wayne County Conservation Association, an unincorporated, voluntary nonprofit association, entered the case on stipulation as added defendants and on court order as intervening defendants. Decree for plaintiffs entered on consent of original defendants. Defendants Wayne Conservation Land Co., and Western Wayne County Conservation Association appeal. Reversed and remanded.

*Ralph W. Cole,* for plaintiff.

*Douglas K. Reading,* for defendant township and its building inspector.

*John L. Crandell,* for added defendants.

PER CURIAM. Appellants are a gun club and an affiliated corporation which owns land in Salem township in Washtenaw county on which it was proposed the gun club would build a club house. The land is zoned for agricultural use and, as well, for use by certain types of clubs upon approval granted by the board of zoning appeals. Appellants claim to have such approval. However, plaintiffs, residents of the township, claim that no such ap-

proval was given by a validly constituted board of zoning appeals and instituted this suit, but against only the township and its building inspector, to enjoin issuance of any building or use permit to the gun club or any of its affiliates and to have declared void all proceedings of the township's board of zoning appeals relied upon by the gun club.

Promptly after suit was started and a temporary injunction was issued, the gun club and its landowning affiliate entered their appearances as added defendants pursuant to a written stipulation that they be added as defendants signed in behalf of the plaintiffs, the original defendants, and the appellants by their respective attorneys. In due course a detailed answer to the plaintiffs' bill of complaint was filed by the added defendants (even before the township and the building inspector had filed their answer) and the plaintiffs filed their reply thereto. Apparently several hearings were conducted at which the added defendants appeared and in which they participated without objection. At a pretrial conference, it became evident that plaintiffs and defendants township and the township building inspector (who still had not filed their answer) were agreeable to entry of a consent decree nullifying the action of the township's board of zoning appeals, but the added defendants, of course, refused their consent thereto. An answer was then filed by the township and the building inspector together with a motion for summary judgment in favor of the former and a motion to dismiss in favor of the latter. The record discloses no action taken on these 2 motions. However, thereafter the gun club and its affiliate filed a motion to dismiss because decision on the bill of complaint would require the chancellor to determine the right or title to office of 1 member of the board of zoning appeals, a power beyond the jurisdiction of a court of chancery to

exercise; because the bill itself discloses the validity of the board's action; because plaintiffs failed to exhaust their legal remedy of appeal from the board's action; and for other reasons. Briefs were exchanged and filed with the chancellor and, ultimately, this motion to dismiss came on for hearing.

At that hearing for the first time the chancellor questioned the right of the present appellants to appear as defendants notwithstanding the written stipulation of all other parties hereto that they be added as defendants and notwithstanding, further, that none of the other parties was objecting to such appearance and participation. It apparently was the belief of the chancellor that the gun club and its land-owning affiliate should be allowed to participate only as an intervening defendant and, therefore, pursuant to CL 1948, § 612.11 (Stat Ann § 27.663)* would be barred from moving for dismissal of the action (see *Smith* v. *Township of Norton*, 319 Mich 365) because their intervention would be, in the language of the statute, "in subordination to, and in recognition of, the propriety of the main proceeding." He refused to proceed with the hearing until an order was prepared for his signature by which the parties' stipulation was construed as a stipulation for intervention by appellants in accordance with CL 1948, § 612.11. Having thus formally limited appellants' role in the proceeding, the chancellor nonetheless continued the hearing on their motion to dismiss and ultimately denied the motion on its merits, thereby recognizing, as did all the parties, the right of the gun club and its affiliate to participate as parties as if they had been joined initially as original defendants. Indeed, it is our judgment that they are necessary parties and should

---

* For currently applicable rules governing intervention, see GCR 1963, 209.

have been joined initially by the plaintiffs. The relief sought by plaintiffs, if granted, will affect directly the use to which these defendants may put their property. Consequently, they should be considered, as evidently they were by all other parties, as original defendants necessary to effective and complete disposition of the plaintiffs' claims.

Having denied appellants' motion to dismiss, the chancellor thereupon signed a decree declaring null and void the township zoning board of appeal's approval of appellants' petition for use of their land as a gun club. The decree recites that the parties, by their respective attorneys, had stipulated in open court that such "consent" decree be entered. The transcript of proceedings discloses such consent by counsel for plaintiffs and for the township and its building inspector, it is true, but at no time did counsel for the appellants ever consent to such decree. They are still entitled to an evidentiary hearing on the merits.

Reversed and remanded. Costs to be taxed.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.